Howard Kaloogian, State Bar No. 118954
Lowell Robert Fuselier, State Bar No. 140701
David T. Hayek, Esq., State Bar No. 144116
Kaloogian & Fuselier LLP
2382 Faraday Avenue, Suite 130
Carlsbad, California 92008
Tel. 760-522-1802
Fax 760-431-1116

**Attorneys for Plaintiffs**

ORIGINAL

FILED

08 FEB -4 PM 1:49

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

# UNITED STATES DISTRICT COURT

## Southern District of California

| | |
|---|---|
| SAN DIEGO MINUTEMEN, An Unincorporated Association,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DALE BONNER in his Official Capacity as Agency Director, Business, Transportation and Housing Agency; WILL KEMPTON in his Official Capacity as CalTrans Director; PEDRO ORSO-DELGADO in his Official Capacity as Caltrans District Director and DOES 1 through 10,<br><br>　　　　　　Defendants. | Case Number: 08 CV 0210 WQH RBB<br><br>EX PARTE APPLICATION FOR EXPEDITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF<br><br>Date: February 4, 2008 |

TO    ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff, SAN DIEGO MINUTEMEN, hereby applies for an order for expedited discovery to take the following depositions (including production of documents) within the next fifteen (15) days or, in the alternative, no later than seven (7) days prior to the hearing on the Order to Show Cause re Preliminary Injunction concurrently filed by plaintiff.

Said application is of an emergency nature in that plaintiff has alleged in its complaint and moving papers, that its constitutionally protected rights of freedom of speech and expression, procedural due process and equal protection under the law has been violated by defendants herein

1

1  and possibly by others.

2  As is set forth in the *"Declaration of Jeff Schwilk in Support of Application for Temporary Restraining Order and Preliminary Injunction,"* filed contemporaneously herewith, on January 31, 2008, Logan Jenkins, a columnist with the San Diego Union Tribune wrote in an article that three members of the California Legislature who objected to having an Adopt-a-Highway sign with plaintiff's name on it near a United States Border Inspection station at San Onofre, California, informed the Director of CalTrans that they wanted the sign removed and the Director of CalTrans assured them that plaintiff's sign would be immediately removed.

Plaintiff requests to take the deposition of WILL KEMPTON, Director of CalTrans and PEDRO ORSO-DELGADO, District Director of CalTrans, who were involved in the decision making process to remove plaintiff's Adopt-a-Highway sign. Plaintiff believes that said depositions will show not only that said CalTrans officials exercised unfettered discretion in removing plaintiff's sign, but that the actions of CalTrans in removing plaintiff's sign was as the result of content and viewpoint discrimination and unwarranted political pressure put on the Director of Caltrans by members of the California Legislature. This application is based upon the attached declaration and Memorandum of Points and Authorities.

DATED: February 4, 2008

KALLOGIAN & FUSELIER, LLP

_____
Attorney for Plaintiff,
SAN DIEGO MINUTEMEN

2

EX-PARTE APPLICATION FOR EXPEDITED DISCOVERY

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX-PARTE APPLICATION FOR EXPEDITED DISCOVERY

A federal court may authorize discovery before the Rule 26(f) meeting for "good cause" meaning simply, that the need for discovery outweighs any possible prejudice to the party from whom discovery is sought. *Semitool, Inc. vs. Tokyo Electron America, Inc.* (2002) 208 F.R.D. 273, 276.

As is set forth in plaintiff's complaint and the points and authorities in support of its Application for Temporary Restraining Order and Order to Show Cause, and is further set out in the declaration of Jeff Swilk, plaintiff's First Amendment rights of free speech and expression and plaintiff's right to procedural due process and equal protection under the law have been violated by the defendants and possibly others.

Plaintiff has requested, concurrently with the filing of the instant ex-parte application, a temporary restraining order and the setting of a hearing for preliminary injunction. Plaintiff believes, as is set forth in the Declaration of Jeff Swilk, that the decision to remove plaintiff's Adopt-a-Highway sign from Interstate 5 in San Onofre, was done in conjunction with a meeting, discussions and presumed agreements between three members of the California Legislature and defendant WILL KEMPTON, Director of CalTrans. Plaintiff contends that, as a result of this political pressure, plaintiff's permitted sign was removed from its designated portion of highway.

Plaintiff believes that it is imperative that the depositions of WILL KEMPTON and PEDRO ORSO-DELGADO take place prior to hearing on the Order to Show Cause re Preliminary Injunction. Further, the documents sought in connection with those depositions, including the telephone records, day books and calendars along with any and all written or electronic communications between defendants WILL KEMPTON and PEDRO ORSO-DELGADO and three specific members of the California Legislature, Assemblyman Joe Coto, Senator Gil Cedillo and Assemblywoman Lori Saldana, will establish plaintiff's position herein.

//

//

//

Plaintiff believes that political pressure or cronieism was used to violate the constitutional rights of plaintiff and is not acceptable in our society and therefore, plaintiff requests the ability to depose said individuals before the requested hearing on plaintiff's request for preliminary injunction.

### CONCLUSION

For all of the foregoing reasons, plaintiff requests this Court grant the relief requested herein.

DATED February 4, 2008

Lowell Robert Fuselier
KALOOGAIN & FUSELIER, LLP
Attorneys for Plaintiff,
SAN DIEGO MINUTEMEN

EX-PARTE APPLICATION FOR EXPEDITED DISCOVERY