Howard Kaloogian, State Bar No. 118954
Lowell Robert Fuselier, State Bar No. 140701
David T. Hayek, State Bar No. 144116
Kaloogian & Fuselier LLP
2382 Faraday Avenue, Suite 130
Carlsbad, California 92008
Tel. 760-522-1802
Fax 760-431-1116

**Attorneys for Plaintiffs**

FILED
08 FEB -5 AM 8:50
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

**ORIGINAL**

# UNITED STATES DISTRICT COURT

## Southern District of California

| | |
|---|---|
| SAN DIEGO MINUTEMEN, An Unincorporated Association,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>CALIFORNIA BUSINESS, TRANSPORTATION AND HOUSING AGENCY'S DEPARTMENT OF TRANSPORTATION; DALE BONNER in his Official Capacity as Agency Director, Business, Transportation and Housing Agency; WILL KEMPTON in his Official Capacity as CalTrans Director; PEDRO ORSO-DELGADO in his Official Capacity as Caltrans District Director and DOES 1 through 50,<br><br>　　　　　　　　Defendants. | Case Number: 08 CV 0210 WQH RBB<br><br>**APPLICATION FOR ORDER TO SHOW CAUSE RE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

COMES NOW Plaintiff SAN DIEGO MINUTEMEN and applies to this court for a temporary restraining order and for the setting of a hearing on an order to show cause re preliminary injunction in the above-entitled matter.

Said request for temporary restraining order and application for an order to show cause re preliminary injunction are based upon the following facts which are fully explained and set forth in the Points and Authorities in support of the within request for temporary restraining order, order to

1

show cause and the Declaration of Jeff Schwilk, all filed concurrently herewith.

1. Plaintiff, SAN DIEGO MINUTEMEN, applied for and was granted the right to have an Adopt-a-Highway sign located on Interstate 5 near the U.S. Border Inspection Station in San Onofre, California, all in return for said plaintiff being responsible for taking care of the sides of the roadway adjacent to their Adopt-a-Highway signs.

2. Attached to the Declaration of Jeff Schwilk filed concurrently herewith as Exhibits "1" and "2" are copies of photographs showing the CalTrans Adopt-a-Highway sign with the words "SAN DIEGO MINUTEMEN" printed on it and, as is shown in Exhibit "2" attached to Mr. Schwilk's declaration, are members of the SAN DIEGO MINUTEMEN dressed in CalTrans authorized clothing (hard hats and safety vests) picking up trash. This court is directed to Exhibit "2" showing that there is no waving, hand signs, flags or placards accompanying plaintiffs' picking up of trash near their Adopt-a-Highway sign. Plaintiffs were acting competently and professionally, just doing their job, picking up trash.

3. Attached to the Declaration of Jeff Schwilk as Exhibit "3" is a letter of January 28, 2008 wherein PEDRO ORSO-DELGADO, District Director of CalTrans, cited the fact that plaintiff's participation in the Adopt-a-Highway program "raised questions" and therefore, was being terminated at the Interstate 5 at San Onofre location.

4. Plaintiff was never given a right to a hearing or to object and/or present evidence or, even to find out what questions were raised, who raised them and what evidence, if any, there was to "raise questions" about the SAN DIEGO MINUTEMEN's participation in the Adopt-a-Highway program.

5. Attached to the Declaration of Jeff Schwilk as Exhibit "8" is a column written by San Diego Union Tribune columnist Logan Jenkins on January 31, 2008, wherein Mr. Jenkins indicates that the reason for the SAN DIEGO MINUTEMEN's Adopt-a-Highway sign to be removed from its location was because of political pressure put on by three members of the California Legislature.

6. Plaintiff contends that its First Amendment rights, Due Process rights and Equal Protection rights were violated. Plaintiff further contends that the defendants engaged in viewpoint

1  discrimination and content discrimination, acted arbitrarily, did not follow their own rules and regulations relating to terminating a site specific permit, and that CalTrans officials were allowed unfettered discretion in deciding who would have a sign and at what location and on what terms, if any, the signs would remain or be taken down.

7.  Plaintiff contends that all of said actions violate its constitutional rights.

### RELIEF REQUESTED

Plaintiff, SAN DIEGO MINUTEMEN, seeks a temporary restraining order and preliminary injunction, restraining defendants, and each of them, from taking any action, directly or indirectly, from assigning or transferring any rights under the Adopt-A-Highway sign program with respect to that certain Adopt-A-Highway sign located at Location ND 5: SD66.3-SD68.3 (freeway section), said Adopt-a-Highway location assigned to plaintiff SAN DIEGO MINUTEMEN pursuant to Permit No. 11-07NAH0586, pending a hearing on plaintiffs' Order to Show Cause re Preliminary Injunction.

### URGENCY OF PLAINTIFF'S REQUEST

Plaintiff's request is based upon the defendants' actions in violating plaintiff's First Amendment and Equal Protection Rights.

Plaintiff, SAN DIEGO MINUTEMEN, was accepted in the Department of Transportation's Adopt-a-Highway program and was entitled to place a sign at location ND 5: SD66.3-SD68.3 as a result of plaintiff agreeing to and removing trash in the vicinity of its adopted highway sign. Attached hereto as Exhibit "1" to the declaration of Jeff Schwilk is a copy of the Adopt-a-Highway sign erected by CalTrans under its Adopt-a-Highway program.

Attached hereto as Exhibit "2" to the declaration of Jeff Schwilk is a photograph of the SAN DIEGO MINUTEMEN, all wearing helmets and CalTrans approved safety vests, cleaning up trash in the vicinity of their Adopt-a-Highway sign. Both of these photographs were taken on or about January 9, 2008.

Attached hereto as Exhibit "3" to the declaration of Jeff Schwilk is a copy of a letter of January 28, 2008 to Jeff Schwilk, President of the SAN DIEGO MINUTEMEN. Said letter is signed

at page 2 by PEDRO ORSO-DELGADO, California Department of Transportation District Director. Reference is made to paragraph one of said letter wherein the CalTrans states:

> "The location of your existing Adopt-a-Highway (AAH) permit has <u>raised questions</u> regarding public safety due to the proximity of your assigned highway segment to a U.S. Border Patrol facility that is co-located with the California Highway Patrol (CHP) San Onofre inspection facility. (Emphasis added.)

Said letter of January 28, 2008 goes on to state:

> "As a result, Permit No. 110-NAH0586 is hereby modified and the related courtesy sign will be removed."

That thereafter, as set forth in the Declaration of Jeff Schwilk, said Adopt-a-Highway sign was removed by the California Department of Transportation. Said Adopt-a-Highway sign has not been re-erected or replaced in its original location or any location.

Plaintiff contends that the actions of the California Department of Transportation, in taking down the Adopt-a-Highway sign of plaintiff, was politically driven, content based, and in violation of plaintiff's First Amendment, Procedural Due Process and Equal Protection Rights guaranteed under the United States Constitution.

Plaintiff is concerned that defendants and each of them, including CalTrans, may, before plaintiff's request for a preliminary injunction can be heard, re-assign the Adopt-a-Highway sign space which was previously held by plaintiff under its Permit No. 11-07NAH0586 to some other individual or organization, preventing plaintiff from regaining its specific Adopt-a-Highway sign location as provided to plaintiff pursuant to Permit No. 11-07NAH0586.

All plaintiff requests is that this court order the defendants to keep the current status quo and not assign the highway location previously held by plaintiff until a determination can be made by this honorable court.

8. Plaintiff contends that a very serious violation of its First Amendment rights, Procedural Due Process rights and protection rights have occurred and its appears that such violation was accompanied by cronieism and undue and intolerable political pressure placed upon the Director of CalTrans by three members of the California Legislature.

9. Plaintiff submits that such action should not be allowed and that this court should

maintain the status quo by not allowing CalTrans to assign the Adopt-a-Highway position which plaintiff previously had on Interstate 5 until this court may hold a hearing on plaintiff's request for a preliminary injunction.

DATED: February 4, 2008

_____
Lowell Robert Fuselier
Kaloogian & Fuselier, LLP
Attorneys for Plaintiff,
SAN DIEGO MINUTEMEN