# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO MINUTEMEN, an unincorporated association,<br><br>                                    Plaintiff,<br><br>     vs.<br><br>CALIFORNIA BUSINESS, TRANSPORTATION AND HOUSING AGENCY'S DEPARTMENT OF TRANSPORTATION; DALE BONNER, in his Official capacity as Agency Director, Business, Transportation and Housing Agency; WILL KEMPTON, in his Official Capacity as CalTrans Director; PEDRO ORSO-DELGADO, in his Official Capacity as CalTrans District Director; and DOES 1 through 50,<br><br>                                    Defendants. | CASE NO. 08CV210 WQH (RBB)<br><br>ORDER DENYING MOTION FOR ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE FOR MOTION FOR PRELIMINARY INJUNCTION |

HAYES, Judge:

   Pending before the Court is Plaintiff's request for a temporary restraining order. (Docs. # 2, 5). The Court finds this matter suitable for submission on the papers and without oral argument.

## BACKGROUND

   On February 4, 2008, Plaintiff San Diego Minutemen filed a Complaint against Defendants the California Business, Transportation and Housing Agency's Department of Transportation; Dale Bonner, Agency Director of the California Business, Transportation and Housing Agency; Will

Kempton, Director of the California Department of Transportation (CalTrans); and Pedro Orso-Delgado, CalTrans District Director. (Doc. # 1). The Complaint alleges that Defendants violated Plaintiff's constitutional rights to freedom of expression and due process in revoking Plaintiff's Adopt-a-Highway permit and removing Plaintiff's Adopt-a-Highway courtesy sign from its location along Interstate 5 at San Onofre, California. (Doc. # 1). In addition to the Complaint, Plaintiff filed the pending motion for a temporary restraining order and preliminary injunction (Docs. # 2, 5), as well as an ex parte application for an order allowing Plaintiff to take expedited discovery (Doc. # 3).

## FACTUAL BACKGROUND

Plaintiff San Diego Minutemen is an association whose mission statement is:

> To demand the maximum border security and immigration enforcement both locally and at the national level. We oppose illegal immigration in all parts of San Diego County with our activism. We assist and support the U.S. Border Patrol in securing the U.S.-Mexican border from terrorists, gang members, criminals, drugs, and illegal aliens entering the United States. We also assist ICE (Immigration & Customs Enforcement) and local law enforcement in exposing law breaking employers and helping to return illegal aliens to their country of legal residence. We act on behalf of and in accord with the United States Constitution and the Bill of Rights.

*Declaration of Jeff Schwilk (Schwilk Decl.)*, ¶ 3.

On September 18, 2007, Plaintiff San Diego Minutemen applied to be part of the Adopt-a-Highway Program administered by Defendant CalTrans. *Schwilk Decl.*, Ex. 5. On or around November 19, 2007, CalTrans admitted Plaintiff into the Adopt-a-High Program, and awarded Plaintiff an Adopt-a-Highway Encroachment Permit. *Schwilk Decl.*, ¶¶ 4-5. The Encroachment Permit identified Plaintiff's litter-removal area as "11-SD-005 PM 66.3-68.3 N/B," which corresponds to an area along Interstate 5 in San Onofre, California. *Schwilk Decl.*, ¶ 8 & Ex. 5. On or about January 17, 2008, members of Plaintiff San Diego Minutemen collected litter along the assigned portion of Interstate 5 in compliance with the Encroachment Permit. *Schwilk Decl.*, ¶ 5 & Ex. 2.

On January 28, 2008, Plaintiff received a letter from Defendant Pedro Orso-Delgado, CalTrans District Director, notifying Plaintiff that Plaintiff's Encroachment Permit "is hereby modified," and that "the related courtesy sign will be removed." *Schwilk Decl.*, Ex. 3. The letter noted that,

> The location of your existing Adopt-a-Highway (AAH) permit has raised questions regarding public safety due to the proximity of your assigned highway segment to a U.S. Border Patrol facility that is co-located with the California Highway Patrol (CHP) San Onofre Inspection facility. Your group has also indicated concerns regarding possible vandalism to the courtesy sign displaying your participation in the AAH

> Program and the release of information relative to the days you will perform the required clean up.

*Schwilk Decl.*, Ex. 3. The letter further noted that Plaintiff's participation in the Adopt-a-Highway Program at the location in San Onofre, "poses a significant risk of disruption to the operation of the State highway, as well as public safety concerns for both the traveling public and the participants in the AAH Program," and that CalTrans was "currently examining allegations of violent behavior and/or advocacy of violence by [Plaintiff's] group." *Schwilk Decl.*, Ex 3. Finally, the letter stated that,

> Under the AAH Program eligibility criteria, entities that advocate violence, violation of the law, or discrimination based upon race, religion, color, national origin, ancestry, physical handicap, medical condition, marital status, age, sex, or sexual orientation may not participate in the Program.

*Schwilk Decl.*, Ex 3.

On or after January 28, 2008, Defendants removed the Adopt-a-Highway courtesy sign identifying Plaintiff San Diego Minutemen from its location along Interstate 5 in San Onofre, California. *Schwilk Decl*., ¶ 3.

**STANDARD OF REVIEW**

FED. R. CIV. P. 65(b) provides that the court may issue a temporary restraining order (TRO) without notice to the adverse party where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant . . . ." The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction, and requires that the party seeking relief show either "(1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party." *Homeowners Against the Unfair Initiative v. Calif. Building Industry Assoc.*, Civil No. 06CV152 JAH (WMc), 2006 U.S. Dist. LEXIS 97023, *4 (S.D. Cal. Jan. 26, 2006) (citing *Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir. 2002)). "[T]hese two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Dep't Parks & Rec. of Calif. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006) (citations omitted).

The underlying purpose of a temporary restraining order (TRO) is to preserve the status quo

1 and prevent irreparable harm before a preliminary injunction hearing may be held. *Granny Goose*
2 *Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974); *see also Reno Air*
3 *Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006);.*Homeowners Against the Unfair*
4 *Initiative v. Calif. Building Industry Assoc.*, Civil No. 06CV152 JAH (WMc), 2006 U.S. Dist. LEXIS
5 97023, *4 (S.D. Cal. Jan. 26, 2006).

## DISCUSSION

7 Plaintiff's motion for a TRO seeks to enjoin Defendants from "assigning the SAN DIEGO
8 MINUTEMEN sign location to any other person or entity until such time as this Court can consider
9 a request for a preliminary injunction . . . ." (Doc. # 2 at 1); *see also* (Doc. # 1, ¶ 5). Plaintiff
10 contends that Defendants have violated Plaintiff's constitutional rights, and that those violations
11 conclusively establish that irreparable harm will ensue if the TRO is not granted. (Doc. # 2 at 6).
12 Plaintiff further contends that there is a high probability that Plaintiff will succeed on the merits of the
13 Complaint. (Doc. # 2 at 23).

14 As noted above, the purpose of a TRO is to preserve the status quo before a preliminary
15 injunction hearing may be held. *See Granny Goose Foods*, 415 U.S. at 439. Here, Plaintiff's TRO
16 seeks to preserve the current status quo with respect to Plaintiff's former Adopt-a-Highway location
17 identified by CalTrans as "11-SD-005 PM 66.3-68.3 N/B.," which is that no person or entity is
18 currently assigned to that location. *See Schwilk Decl.*, ¶ 8 & Ex. 5. Specifically, Plaintiff's TRO
19 seeks to enjoin Defendants from assigning Adopt-a-Highway location 11-SD-005 PM 66.3-68.3 N/B
20 to any other person or entity until such time as this Court can consider Plaintiff's motion for a
21 preliminary injunction.

22 Plaintiff alleges irreparable harm to its constitutional rights to freedom of expression and due
23 process if the TRO is not granted. Plaintiff further contends that it has established a likelihood that
24 it will succeed on the merits of its constitutional claims as alleged in the Complaint. However,
25 Plaintiff has not shown that the relief sought in the TRO–namely, that Defendants not be able to assign
26 Plaintiff's former Adopt-a-Highway location to a third party–will impact or prevent the harms alleged.
27 Indeed, the Court finds that Plaintiff has not established or alleged facts to support the claim that
28 Defendants assignment of Plaintiff's former Adopt-a-Highway location to a third party would cause

1  irreparable harm to Plaintiff's constitutional rights to freedom of expression and due process, or that
2  granting the TRO will prevent such harm. Plaintiff has not alleged any relation between the relief
3  requested in the motion for TRO, and the harms alleged in the TRO. *See Price v. City of Stockton*,
4  390 F.3d 1105, 1117 (9th Cir. 2004) (noting that a restraining order must be narrowly tailored only
5  to remedy the specific harm shown by the plaintiff); *Orantes-Hernandez v. Thornburgh*, 919 F.2d 549,
6  558 (9th Cir. 1990).

7       Plaintiff's motion for a TRO (Docs. # 2, 5) is DENIED.

8

9       The Court now sets the following briefing schedule for Plaintiff's motion for a preliminary
10 injunction to enjoin Defendants from assigning Plaintiff's former Adopt-a-Highway location to a third
11 party (Doc. # 2):

12      1. Defendants shall file a response to the motion for preliminary injunction on or before
13 **Friday, February 29, 2008.**

14      2. Plaintiff's may file a reply in support of the motion for preliminary injunction on or before
15 **Friday, March 7, 2008**.

16      3. The parties shall appear for a hearing on the motion for preliminary injunction on **Friday,**
17 **March 14, 2008, at 1 P.M.**

18      Plaintiff's motion for expedited discovery (Doc. # 3) is hereby referred to the Honorable
19 Magistrate Judge Ruben B. Brooks.

20      **IT IS SO ORDERED**.

21 DATED: February 7, 2008

22                                             *William Q. Hayes*
                                             **WILLIAM Q. HAYES**
23                                             United States District Judge

24
25
26
27
28