BRUCE A. BEHRENS, Chief Counsel
JEFFREY R. BENOWITZ, Deputy Chief Counsel
          CBN 169151
GLENN B. MUELLER, Assistant Chief Counsel
JOHN FREDERICK SMITH, Assistant Chief Counsel
STEPHANIE D. MARTIN, CBN 242658
State of California, Department of Transportation
Legal Division
4050 Taylor Street, MS-130
San Diego, CA  92110
Tel: (619) 688-2531 Fax (619) 688-6905
Attorneys for Defendant, STATE OF CALIFORNIA,
acting by and through the DEPARTMENT OF TRANSPORTATION;
DALE BONNER, WILL KEMPTON and PEDRO ORSO-DELGADO

# UNITED STATES DISTRICT COURT

## Southern District of California

| | |
|---|---|
| SAN DIEGO MINUTEMEN, An Unincorporated Association, | Case No.: 08 CV 0210 WQH RBB |
| Plaintiff, | |
| vs. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |
| CALIFORNIA BUSINESS RANSPORTATION AND HOUSING AGENCY'S DEPARTMENT OF TRANSPORTATION; DALE BONNER, Individually and in his Official Capacity as Agency Director, Business, Transportation and Housing Agency; WILL KEMPTON, Individually and in his Official Capacity as Caltrans Director; PEDRO ORSO-DELGADO, Individually and in his Official Capacity as Caltrans District Director and DOES 1 through 10, | Date:   April 1, 2008<br>Time:  11:00 a.m.<br>Dept.:  4<br>Judge William Q. Hayes |
| Defendant | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

0

# TABLE OF CONTENTS

Page

**I.    PRELIMINARY FACTS** ................................................................................ 1

**II.    DEFENDANT "CALIFORNIA BUSINESS TRANSPORTATION AND HOUSING AGENCY'S DEPARTMENT OF TRANSPORTATION" MUST BE DISMISSED BECAUSE THE ELEVENTH AMENDMENT BARS PLAINTIFF'S CLAIMS AND PLAINTIFF CANNOT ALLEGE A COGNIZABLE LEGAL THEORY AGAINST IT** ................................................................................ 3

    ***A.    Defendant "California Business Transportation and Housing Agency's Department of Transportation" must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1)(2) because the Eleventh Amendment to the United States Constitution acts as a complete bar to jurisdiction*** ................................ 3

    ***B.    Defendant "California Business Transportation and Housing Agency's Department of Transportation" must be dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6) because a sovereign state is not a "person" within the meaning of 42 U.S.C. § 1983*** ................................ 4

**III.    THE REMAINING DEFENDANTS MUST BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) BECAUSE PLAINTIFF FAILS TO STATE A COGNIZABLE LEGAL THEORY UPON WHICH RELIEF MAY BE GRANTED** ................................................................................ 5

    ***A.    Plaintiff's Complaint is not ripe for judicial review because plaintiff has not suffered any harm*** ................................................................................ 7

    ***B.    Plaintiff fails to state a cognizable legal theory under 42 U.S.C. § 1983 because defendants' conduct did not violate plaintiff's rights to free speech, due process or equal protection*** ................................................................................ 7

        i.    Re-location of an AAH Program section does not constitute violation of plaintiff's right to free speech ................................................................ 8

            a.    *The name printed on an AAH courtesy sign does not rise to the level of private speech protected by the First Amendment* ................................ 8

i

b. *The State can exercise control over this non-public forum, the highways, because its actions are reasonable in light of the purposes served by the forum and are viewpoint neutral* ................................................................ 9

ii. Relocation of plaintiff's AAH Program section does not constitute violation of its right to procedural due process because plaintiff has no property interest in the Adopt-a-Highway Program ...................................................... 11

iii. Relocation of plaintiff's AAH Program section does not constitute violation of its right to substantive due process because plaintiff has no fundamental right in a specific location in the Adopt-a-Highway Program ...................................... 11

a. *Plaintiff does not have a fundamental right in a particular location through the AAH Program* ...................................................... 12

b. *Plaintiff's constitutional rights have not been infringed* ........................ 12

c. *The safety of the traveling public on the state highway system is a compelling interest* ...................................................... 12

d. *Relocation of plaintiff's participation in the AAH Program is sufficiently related to the purpose of highway safety* ................................................. 13

iv. Relocation of plaintiff's AAH Program section does not constitute violation of its right to Equal Protection ...................................................... 13

IV. **DEFENDANTS WILL KEMPTON, DALE BONNER AND PEDRO ORSO-DELGADO, ALL SUED IN THEIR INDIVIDUAL CAPACITIES, SHOULD BE DISMISSED BECAUSE PLAINTIFF IS UNABLE TO ALLEGE A VIOLATION OF THE CONSTITUTION AND DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FOR THEIR ACTIONS** ...................................................... 14

A. ***Plaintiff fails to allege a violation of the Constitution because it has no right to a particular location in the AAH Program*** ...................................................... 14

B. ***Defendants are entitled to qualified immunity for their actions because they did not violate clearly established constitutional rights by relocating plaintiff's participation in the AAH Program*** ...................................................... 15

Case No.: 08 CV 0210 WQH RBB

V.   DEFENDANTS WILL KEMPTON, DALE BONNER AND PEDRO ORSO-
     DELGADO, ALL SUED IN THEIR OFFICIAL CAPACITIES, ARE IN ESSENCE
     THE STATE AND THEREFORE IMMUNE FROM A MONEY DAMAGES
     AWARD FOR THEIR ACTIONS ................................................................ 16

VI.  DEFENDANTS WILL KEMPTON, DALE BONNER AND PEDRO ORSO-
     DELGADO, ALL SUED IN THEIR OFFICIAL CAPACITIES, ARE IN ESSENCE
     THE STATE AND THEREFORE SHOULD BE DISMISSED FROM THIS
     COMPLAINT BECAUSE PLAINTIFF FAILED TO STATE FACTS SUFFICIENT
     TO JUSTIFY INJUNCTIVE OR DECLARATORY RELIEF .................................... 17

VII. CONCLUSION ........................................................................... 17

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

1

**TABLE OF AUTHORITIES**

2

Page

3

**Cases**

4

5

Balistreri v. Pacifica Police Dept.,
   901 F2d 696 (9th Cir. 1990) ........................................................................... 4, 6, 7

6

7

Bd. of Regents of State Colleges v. Roth,
   408 U.S. 564, 577 (1972) ........................................................................... 11

8

9

Bishop v. Wood,
   426 U.S. 341, 344 n. 7 (1976) ........................................................................... 11

10

11

Brown v. Cal. Dep't of Transp., et al.,
   321 F.3d 1217, 1222 (9th Cir. 2003)
   citing DiLoreto v. Downey Unified Sch. Dist. Bd. of Educ.,
   196 F.3d 958, 964 (9th Cir. 1999) ........................................................................... 9

12

13

14

Cahill v. Liberty Mut. Ins. Col.,
   80 F3d 336 (9th Cir. 1996) ........................................................................... 6

15

16

Cornelius v. NAACP Legal & Educ. Def. Fund, Inc.,
   473 U.S. 788 (1985)........................................................................... 9

17

18

Davis v. Scherer,
   468 U.S. 183 (1984)
   citing Harlow, 457 U.S. 800 ........................................................................... 16

19

20

21

Def. Council v. Van Loben Sels,
   96 F.3d 420 (9th Cir. 1996) ........................................................................... 5

22

23

DiLoreto v. Downey Unified School Dist. Bd. of Educ.,
   196 F.3d 958, 967 (9th Cir. 1999) ........................................................................... 10

24

25

Edelman v. Jordan,
   415 U.S. 651, 677-78 (1974) ........................................................................... 4, 17

26

27

28

Ex Parte New York,
     256 U.S. 490 (1921) ................................................................................................... 4

Ex parte Young,
     209 U.S. 123 (1908) ................................................................................................. 17

Goldstein v. North Jersey Trust Co.,
     39 FRD 363 (SD NY 1966) ........................................................................................ 6

Greer v. Spock,
     424 U.S. 828, 838 (1976) ........................................................................................... 9

Gregory v. Ashcroft,
     501 U.S. 452, 470-71 (1991) .................................................................................... 13

Hall Roach Studios, Inc. v. Richard Feiner & Co.,
     896 F.2d 1542 (9th Cir. 1989) ................................................................................... 6

Hans v. Louisiana,
     134 U.S. 1 (1890) ....................................................................................................... 3

Harlow v. Fitzgerald,
     457 U.S. 800 (1982) ..................................................................................... 14, 15, 16

Harris v. McRae,
     448 U.S. 297, 322 (1980) ................................................................................... 12, 13

Hearn v. R.J. Reynolds Tobacco Co.,
     279 F.Supp.2d 1096, 1101 (D AZ 2003) .................................................................. 6

Hernandez v. Gates, et al.,
     100 F.Supp.2d 1209 (C.D. Cal. 2000) ..................................................................... 14

Hope v. Pelzer,
     536 U.S. 730 (2002) ................................................................................................. 15

Hunter v. Bryant,
     502 U.S. 224 (1991) ................................................................................................. 15

Case No.: 08 CV 0210 WQH RBB

Idaho v. Coeur d'Alene Tribe of Idaho,
    521 U.S. 261, 267-68 (1997). ............................................................ 3

In re Delorean Motor Co.,
    991 F.2d 1236 (6th Cir. 1993) ........................................................... 6

Jenkins v. Talladega City Bd. of Educ.,
    115 F.3d 821 (11th Cir.1997)(en banc) .......................................... 15

Kentucky v. Graham,
    473 U.S. 159 (1985)........................................................................... 16

Kimel v. Florida Board of Regents,
    528 U.S. 623 (2000)........................................................................... 3

Lamb's Chapel, et al. v Center Moriches Union Free School Dist., et al.,
    508 U.S., 384, 392-93 (1993) .......................................................... 10

Lassiter v. Alabama A&M University Bd. of Trustees,
    28 F.3d 1146 (11th Cir. 1994) .................................................... 14, 15

Lyng v. Castillo,
477 U.S. 635, 638 (1986)...................................................................... 12

Moore v. City of East Cleveland,
431 U.S. 494, 503 (1977)....................................................................... 12

Natural Resources Defense Council v. Van Loben Sels,
    96 F.3d 420 (9th Cir. 1996) ........................................................... 4, 5

Pareto v. F.D.I.C.,
    139 F.3d 696 (9th Cir. 1998) .......................................................... 6

Patsy v. Board of Regents of Florida,
    457 U.S. 496 (1982)............................................................................ 4

Pennhurst State School and Hospital v. Halderman,
    465 U.S. 89 (1984).............................................................................. 4

vi

Rinker v. Napa County,
   831 F.2d 829 (9th Cir. 1987)
   (citing Parratt v. Taylor,
   451 U.S. 527 (1981) ............................................................................ 7

Roth,
   408 U.S. 564, 577 (1972) ................................................................. 11

Safeco Ins. Co. v. Guyton,
   443 F.Supp. 10 (CD Cal. 1977) .................................................... 4, 5

Saucier v. Katz,
   533 U.S. 194 (2001) ................................................................... 14, 15

Seminole Tribe of Florida v. Florida,
   517 U.S. 44 (1996) ............................................................................ 4

Siegert v. Gilley,
   500 U.S. 226 (1991) ........................................................................ 15

Southern Pacific Transp. Co. v. City of Los Angeles,
   922 F.2d 498, 508 (9th Cir. 1990) ............................................... 4, 5

Tex., et al. v. Knights of the KKK,
   58 F.3d 1075, 1080-81 (5th Cir. 1995) .......................................... 10

Thompson v. Illinois Dept. of Prof. Reg.,
   300, F.3d 750 (7th Cir. 2002) .......................................................... 6

Will v. Michigan State Police,
   491 U.S. 58 (1989) ............................................................................ 5

Wilson v. Layne,
   526 U.S. 603 (1999) ........................................................................ 16

Wygan v. Jackson Bd. of Educ.,
   476 U.S. 267, 273-74 (1986) .......................................................... 13

Zablocki v. Redhail,
    434 U.S. 374, 387 n. 12 (1978)........................................................................ 12, 13

**Statutes**

42 U.S.C.

    § 1983........................................................................................................... passim
    § 1988................................................................................................................... 5

California Street & Highway Code

    § 91.5(b) (2007) ............................................................................................... 1, 9
    § 92 (2007) .......................................................................................................... 8

Federal Rule of Civil Procedure

    Rule 12 (b)(6)................................................................................... 5, 6, 16, 17
    Rule 12(b)(1); (2) ............................................................................................. 17
    Rule 12(b)(2)..................................................................................................... 17

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

**MOTION TO DISMISS**

## I.    PRELIMINARY FACTS

In 1985, the passage of Assembly Bill 2330 added Section 91.5 to the California Streets and Highways Code, authorizing the Department of Transportation to accept funds or services for maintenance activities and allowing the director to install courtesy signs in recognition of such services.  In October, 1989, Caltrans Director's Policy Memo (P898-03) outlined and established the Caltrans Adopt-a-Highway (AAH) Program.  This program is administered pursuant to the Caltrans Adopt-a-Highway Program Guidelines and Coordinators Handbook.  See Request for Judicial Notice[1].  The purpose of this voluntary program is for the State to partner with California's citizens to provide motorists with clean and beautiful roadsides.  Participants in the program agree to pick up litter at assigned highway sections.  The Department displays courtesy signs in gratitude for that work.  But, the courtesy signs are not a forum for advertisement or public discourse.  (Adopt-a-Highway Program Guidelines and Coordinators Handbook, Ch. 2, Purpose.)  No fees are charged for AAH encroachment permits or for the courtesy signs.

On or about September 18, 2007, plaintiff applied to participate in the State of California's Adopt-a-Highway (AAH) Program.  By letter dated November 19, 2007, the State welcomed plaintiff to the AAH Program and advised it of the steps it was required to complete before it could begin to work in the Program: (1) schedule a safety orientation with Caltrans; (2) provide safety training and safety equipment to the participating members of its group; and (3) contact the assigned Caltrans field representative at least five days prior to any work event.  (Compl. Ex. 1.)

---

[1] Normally, documents not included in the original pleading cannot be considered on a Rule 12(b)(6) motion without converting the motion into one for summary judgment.  However, courts have made exceptions for documents the authenticity of which are not disputed by the parties, official records, documents central to plaintiffs' claim and documents sufficiently referred to in the complaint.  <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986); <u>Watterson v. Page</u>, 987 F.2d 1, 3 (1st Cir. 1993).

1

1    The encroachment permit was issued to plaintiff on November 21, 2007, giving it

2    permission to perform litter removal at 11-SD-005 PM 66.3-68.3 N/B twice a month.  (Compl.

3    Ex. 2.)  11-SD-005 PM 66.3-68.3 N/B is a code meaning District 11, San Diego County,

4    Interstate 5, post miles 66.3-68.3 on the side of northbound traffic.  This permit explicitly states

5    it "is not a property right."  Further, the "permitee's work shall be subordinated to State

6    operations and shall not interfere with State forces or State's contractors." (Compl. Ex. 2.)

7    On January 13, 2008, the San Diego Union Tribune ran an article about plaintiff's

8    participation in the AAH Program.  Thereafter, the Department began to receive telephone calls,

9    letters and emails regarding plaintiff's participation from individuals and groups.  The opinions

10    espoused in these communications range from support to non-support of plaintiff.

11    Communications were also made by members of plaintiff's organization to the State expressing

12    concern regarding possible vandalism at the courtesy sign location and the release of information

13    about which days plaintiff would be engaging in litter removal.

14    After further consideration, the State concluded plaintiff's participation in the AAH

15    Program at the original location posed a significant risk of disruption to the operation of the State

16    highway, as well as public safety concerns for both the traveling public and participants in the

17    AAH Program.  (Compl. Ex. 5.)  The State determined a more suitable location for this sign

18    exists along State Route 52 near Santee and modified plaintiff's permit accordingly.  (Compl.

19    Ex. 5.)  The State informed plaintiff of these issues by letter dated January 28, 2008.  (Compl.

20    Ex. 5.)

21    Further, it bears noting that the State has removed the entire section of 11-SD-005 PM

22    66.3-68.3 N/B from the AAH Program because of concerns regarding safety and interference

23    with the operations of the California Highway Patrol and Border Patrol.

24    Finally, there has been some confusion based on plaintiff's lack of service on the

25    defendants in this matter.  On February 7, 2008, the State, Will Kempton and Pedro

26    Orso-Delgado were served with only the Complaint and its attached exhibits.  On February 20,

27    2008, Dale Bonner was served with only the Complaint and its attached exhibits.  Since that

28    time, the State has become aware through media sources and conversations with plaintiff's

attorneys that other documents were filed by plaintiff, however, as of the date of this motion, only the Complaint has been served on the defendants.  Defendants have been denied notice and the opportunity to be heard on all other filings by plaintiff.

## II.  DEFENDANT "CALIFORNIA BUSINESS TRANSPORTATION AND HOUSING AGENCY'S DEPARTMENT OF TRANSPORTATION" MUST BE DISMISSED BECAUSE THE ELEVENTH AMENDMENT BARS PLAINTIFF'S CLAIMS AND PLAINTIFF CANNOT ALLEGE A COGNIZABLE LEGAL THEORY AGAINST IT

Defendant State of California, Department of Transportation, erroneously named and served by plaintiff as "California Business Transportation and Housing Agency's Department of Transportation", (hereinafter "State") is immune to this suit based on the Eleventh Amendment because it is a sovereign state entity.  Further, sovereign states are not "persons" within the meaning of 42 U.S.C. § 1983 and thus cannot be sued by plaintiff for violation of § 1983.

*A.  Defendant "California Business Transportation and Housing Agency's Department of Transportation" must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1)(2) because the Eleventh Amendment to the United States Constitution acts as a complete bar to jurisdiction*

The Eleventh Amendment to the United States Constitution acts as a complete bar to plaintiff's complaint.  The Eleventh Amendment reads:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Supreme Court of the United States of America has made it clear for over a century that the United States Constitution does not provide for federal jurisdiction over suits against non-consenting States.  Kimel v. Florida Board of Regents, 528 U.S. 62, 72-73 (2000).  The Eleventh Amendment has also long been held to preclude suits by citizens of a state against the same state.  Hans v. Louisiana, 134 U.S. 1 (1890); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-68 (1997).  Moreover, the Eleventh Amendment has been held to supersede the

1    powers granted the federal judiciary pursuant to Article III as well as the powers granted to

2    Congress when legislating pursuant to Article I.  Pennhurst State School and Hospital v.

3    Halderman, 465 U.S. 89 (1984); see also, Ex Parte New York, 256 U.S. 490 (1921); Seminole

4    Tribe of Florida v. Florida, 517 U.S. 44, 72-73 (1996).

5    By naming "California Business Transportation and Housing Agency's Department of

6    Transportation," plaintiff appears to be naming the California Department of Transportation.

7    The California Department of Transportation is an arm of the State of California and is therefore

8    entitled to assert the Eleventh Amendment.  Southern Pacific Transp. Co. v. City of Los Angeles,

9    922 F.2d 498, 508 (9th Cir. 1990); Natural Resources Defense Council v. Van Loben Sels, 96

10    F.3d 420, 421-22 (9th Cir. 1996); Safeco Ins. Co. v. Guyton, 443 F.Supp. 10, 12-13 (CD Cal.

11    1977).  Because the Eleventh Amendment acts as an absolute bar to jurisdiction and this defense

12    is being raised at the State's earliest possible opportunity, the California Department of

13    Transportation should be dismissed as a defendant in this matter pursuant to Federal Rule of

14    Civil Procedure 12(b)(1)(2).  See Edelman v. Jordan, 415 U.S. 651, 677-78 (1974); Patsy v.

15    Board of Regents of Florida, 457 U.S. 496, 515, n.19 (1982).  No amendment of the pleadings

16    can overcome this jurisdictional issue and therefore dismissal of the Complaint as against

17    defendant "California Business Transportation and Housing Agency's Department of

18    Transportation" should be granted without leave to amend.

19    **B.    Defendant "California Business Transportation and Housing Agency's Department of**

20    **Transportation" must be dismissed pursuant to Federal Rule of Civil Procedure 12**

21    **(b)(6) because a sovereign state is not a "person" within the meaning of 42 U.S.C. §**

22    **1983**

23    A Rule 12(b)(6) dismissal is proper in the absence of a "cognizable legal theory."

24    Balistreri v. Pacifica Police Dept., 901 F2d 696, 699 (9th Cir. 1990)(citations omitted).

25    Plaintiff invokes this Court's jurisdiction pursuant to 42 U.S.C. § 1983.  Section 1983

26    generally provides for federal jurisdiction over suits against local government bodies and their

27    officials that allege violation under color of state law of an individual's constitutionally protected

28    rights.  However, the United States Supreme Court has explicitly ruled that sovereign states are

not "persons" within the meaning of Section 1983.  <u>Will v. Michigan State Police</u>, 491 U.S. 58, 65-66 (1989).

The California Department of Transportation is an arm of the State of California. <u>Southern Pac. Transp. Co. v. City of Los Angeles</u>, 922 F.2d 498, 508 (9th Cir. 1990); <u>Natural Resources Def. Council v. Van Loben Sels</u>, 96 F.3d 420, 421-22 (9th Cir. 1996); <u>Safeco Ins. Co. v. Guyton</u>, 443 F.Supp. 10, 12-13 (CD Cal. 1977).  Because sovereign states are not "persons" within the meaning of § 1983, plaintiff cannot allege a cognizable legal theory against the California Department of Transportation for a violation of that statute.  As such, the Complaint must be dismissed without leave to amend as to defendant "California Business Transportation and Housing Agency's Department of Transportation" pursuant to Federal Rule of Civil Procedure 12 (b)(6) for failure to state a cognizable legal theory.

**III.    THE REMAINING DEFENDANTS MUST BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) BECAUSE PLAINTIFF FAILS TO STATE A COGNIZABLE LEGAL THEORY UPON WHICH RELIEF MAY BE GRANTED**

Here, plaintiff has filed a complaint for declaratory relief, violation of 42 U.S.C. § 1983 and violation of 42 U.S.C. § 1988 against Dale Bonner, individually and in his Official Capacity as Agency Director, Business, Transportation and Housing Agency; Will Kempton, individually and in his Official Capacity as CalTrans Director; and Pedro Orso-Delgado, individually and in his Official Capacity as Caltrans District Director.

By this complaint, plaintiff alleges violation of its constitutional rights, free speech and expression, due process and equal protection. (Compl. ¶ 2.)  As a basis for these claims, plaintiff contends its "Adopt-a-Highway sign and requisite privileges and obligations was terminated in violation of their First Amendment rights because of content and viewpoint discrimination by defendants herein and possibly others including members of the California Legislature." (Compl. ¶ 15-1.)  Plaintiff also contends "that the actions of defendants and each of them in terminating plaintiff's site specific Adopt-a-Highway location was done arbitrarily, capriciously and based upon the unfettered discretion given to the defendants and each of them in violation of plaintiff's

Case No.: 08 CV 0210 WQH RBB

1  constitutional rights to free speech and equal protection under the laws." (Compl. ¶ 15-2.)

2  Finally, plaintiff contends that defendants "did not follow their own policies and procedures in

3  removing plaintiff's sign and plaintiff's rights to a site specific Adopt-a-Highway sign and that

4  defendant Caltrans' procedures do not allow for a hearing or for plaintiff or any individual to

5  present evidence which refutes or challenges a revocation of an Adopt-a-Highway permit."

6  (Compl. ¶ 15-3.)

7      A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal

8  theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v.

9  Pacifica Police Dept., 901 F2d 696, 699 (9th Cir. 1990) (citations omitted). "A suit should be

10  dismissed if it is impossible to hypothesize facts, consistent with the complaint, that would make

11  out a claim." Hearn v. R.J. Reynolds Tobacco Co., 279 F.Supp.2d 1096, 1101 (D AZ 2003).

12      In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light

13  most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3)

14  determine whether plaintiff can prove any set of facts to support a claim that would merit relief.

15  Cahill v. Liberty Mut. Ins. Col., 80 F3d 336, 337-38 (9th Cir. 1996). For purposes of Rule

16  12(b)(6), "claim" means a set of facts which, if established, gives rise to one or more enforceable

17  legal rights. Goldstein v. North Jersey Trust Co., 39 FRD 363, 366 (SD NY 1966). The court

18  must accept as true all material allegations in the complaint, as well as reasonable inferences to

19  be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). However, the court

20  need not accept as true conclusionary allegations or legal characterizations. Nor need it accept

21  unreasonable inferences or unwarranted deductions of fact. In re Delorean Motor Co., 991 F.2d

22  1236, 1240 (6th Cir. 1993). Material properly submitted with the complaint (i.e., exhibits under

23  FRCP 10(c)) may be considered as part of the complaint for purposes of a Rule 12(b)(6) motion

24  to dismiss. Hall Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 (9th Cir.

25  1989). However, "when a written instrument contradicts allegations in a complaint to which it is

26  attached, the exhibit trumps the allegations." Thompson v. Illinois Dept. of Prof. Reg., 300, F.3d

27  750, 754 (7th Cir. 2002).

28  / / /

6

1    Plaintiff fails to articulate facts sufficient to rise to the level of a cognizable legal theory
2    as discussed herein.

3  **A.    *Plaintiff's Complaint is not ripe for judicial review because plaintiff has not suffered***
4        ***any harm***

5        A case is not ripe unless there is a genuine and immediate threat of harm.  See Tex. v.
6    U.S., 523 U.S. 296, 300-302 (1998).  In the absence of such an injury, a complaint must be
7    dismissed.

8        Here, the State relocated plaintiff's participation in the AAH Program from the 11-SD-
9    005 PM 66.3-68.3 N/B location to a section of highway on State Route 52 near Santee for the
10   safety of the traveling public.  (Compl. Ex. 5.)  Contrary to plaintiff's allegations, such relocation
11   does not result in the violation of free speech, equal protection or due process.  Relocation in this
12   manner for the safety of the traveling public is not a revocation of plaintiff's ability to participate
13   in the AAH Program.

14       Because plaintiff has not suffered any injury by the relocation of its participation in the
15   AAH program, this case is not ripe for judicial review.  See Tex. v. U.S., 523 U.S. at 300-302.

16  **B.    *Plaintiff fails to state a cognizable legal theory under 42 U.S.C. § 1983 because***
17        ***defendants' conduct did not violate plaintiff's rights to free speech, due process or***
18        ***equal protection***

19       42 U.S.C. § 1983 states:

20           Every person who, under color of any statute, ordinance,
             regulation, custom or usage of any state or territory or the District
21           of Columbia, subjects, or causes to be subjected, any citizen of the
             United States or other person within the jurisdiction thereof to the
22           deprivation of any rights, privileges or immunities secured by the
             constitution and laws, shall be liable to the party injured in an
23           action at law, in equity or other proper pleadings for redress….

24       To sustain an action under § 1983, a plaintiff must show (1) that the conduct complained
25   of was committed by a person acting under color of state law; and (2) that the conduct deprived
26   the plaintiff of a constitutional right.  Balistreri v. Pacifica Police Dept., 901 F2d 696, 699 (9th
27   Cir. 1990); Rinker v. Napa County, 831 F.2d 829, 831 (9th Cir. 1987) (citing Parratt v. Taylor,
28   451 U.S. 527, 535 (1981)).

7

Here, plaintiff alleges that it has been deprived of its rights to freedom of speech and expression, procedural due process and equal protection under the law because defendants relocated plaintiff's Adopt-A-Highway permit to a new location.  Plaintiff also claims as a result of defendants' actions, it has been injured in a sum not readily ascertainable, but in excess of $50,000, and seeks to recover its reasonable attorney fees and costs incurred in this action.

However, the facts as alleged by plaintiff do not rise to the level of a cognizable legal theory upon which relief may be granted.  Contrary to plaintiff's allegations in its Complaint, the letter attached thereto as Exhibit 5 evidences plaintiff's right to participate in the program has not been revoked.  (Compl. Ex. 5.)  As stated in that letter, due to concerns about the safety of the traveling public at the Interstate 5 site originally assigned to plaintiff, the State decided to re-locate plaintiff's AAH section to a location along State Route 52 near Santee.  The State's authority for its actions rests in its implied powers clause, which states, "The department may do any act necessary, convenient or proper for the construction, improvement, maintenance or use of all highways which are under its jurisdiction, possession or control."  Cal. Sts. & Hy Code § 92 (2007).  Because plaintiff's ability to participate in the AAH Program has not been revoked, it cannot allege facts sufficient to establish a cognizable legal theory for violation of any constitutional rights.

i.    <u>Re-location of an AAH Program section does not constitute violation of plaintiff's right to free speech</u>

      a.    *The name printed on an AAH courtesy sign does not rise to the level of private speech protected by the First Amendment*

The names printed on the courtesy signs authorized in connection with the AAH Program are specifically not intended as public discourse.  (Adopt-a-Highway Program Guidelines and Coordinators Handbook, Ch. 2, Purpose.)  Further, there is no obligation on the part of the State to provide courtesy signs to participants in the AAH Program. Cal. Sts. & Hy Code § 91.5(b) (2007).  And the encroachment permits issued as part of the AAH Program explicitly state that no property interest is conveyed to participants via this program.  If such a property interest were

/ / /

conveyed, it would necessitate a recorded title conveyance and participants in the program would be potentially liable for any accidents at that location.

Because the name printed on an AAH courtesy sign does not rise to the level of private speech protected by the First Amendment, relocation of such signs to other highway segments does not constitute a violation of the Constitution.  In the absence of a cognizable legal theory, plaintiff's claim as to violation of §1983 based on deprivation of free speech must be dismissed as against all defendants.

b.    *The State can exercise control over this non-public forum, the highways, because its actions are reasonable in light of the purposes served by the forum and are viewpoint neutral*

Even if the court determines that the name on the AAH courtesy signs constitutes "private speech", the State can exercise control of non-public forums, such as highways. Government regulation of private speech on its property begins with determining whether the property is a traditional public forum, a designated public forum, or a non-public forum. Cornelius v. NAACP Legal & Educ. Def. Fund, Inc., 473 U.S. 788 (1985).  A non-public forum can be converted to a public forum only by "intentionally opening a nontraditional forum for public discourse." Cornelius, 473 U.S. at 802.  "The government does not create a public forum by inaction or by permitting limited discourse." Id.

Here, the property at issue is the State's highways.  Although the state highway system is open to the public, it is not a public forum for speech purposes.  See Greer v. Spock, 424 U.S. 828, 838 (1976)[2]  State highways are non-public forums.  Brown v. Cal. Dep't of Transp., et al., 321 F.3d 1217, 1222 (9th Cir. 2003) citing DiLoreto v. Downey Unified Sch. Dist. Bd. of Educ., 196 F.3d 958, 964 (9th Cir. 1999).  The State, by allowing displays of courtesy signs as part of the AAH program, has not transformed State highways into public forums.  See Brown, 321 F.3d at 1222.  Further, these courtesy signs are specifically not intended as public discourse. (Adopt-

---

[2] In Greer v. Spock, the United States Supreme Court found that sections of military bases open to the public are nonetheless non-public forums because it is "the business of a military installation…to train soldiers, not to provide a public forum." Similarly, although the highway system is open to the traveling public, it is a non-public forum for speech purposes.)

1    a-Highway Program Guidelines and Coordinators Handbook, Ch. 2, Purpose.)  Because

2    highways are traditionally non-public forums and they have not been opened for public

3    discourse, the State's actions must be reviewed based on a non-public forum standard.

4        In <u>Lamb's Chapel, et al. v Center Moriches Union Free School Dist., et al.</u>, 508 U.S.,

5    384, 392-93 (1993), the United States Supreme Court found that "control over access to a

6    nonpublic forum can be based on subject matter and speaker identity so long as the distinctions

7    drawn are reasonable in light of the purposes served by the forum and are viewpoint neutral."

8    <u>See</u> <u>also</u>, <u>DiLoreto v. Downey Unified School Dist. Bd. of Educ.</u>, 196 F.3d 958, 967 (9th Cir.

9    1999).

10        Therefore, the State has the right to exercise control over the AAH program provided that

11   the State is reasonable considering the purposes served by the forum and the control is viewpoint

12   neutral.  The purpose served by the AAH program is to assist in providing clean highways.  The

13   clear purpose served by the state highway system is to facilitate safe travel.  The AAH program

14   cannot be used to subvert the State's obligation to provide a safe highway system for the

15   traveling public.

16        Here, out of concern for the safety of the traveling public, the State determined that

17   plaintiff's participation in the AAH program should be relocated from the 11-SD-005 PM 66.3-

18   68.3 N/B location to a section of highway on State Route 52 near Santee.  (Compl. Ex. 5.)

19   Plaintiff has not been denied the opportunity to participate in the AAH Program.  This relocation

20   is to reduce the risk of disruption to the operation of the State highway and reduce public safety

21   concerns for both the traveling public and the participants in the AAH program.  A decision to

22   relocate motivated by safety concerns for the traveling public is clearly reasonable in light of

23   highway purposes and viewpoint neutral.  <u>See</u> <u>Tex., et al. v. Knights of the KKK</u>, 58 F.3d 1075,

24   1080-81 (5th Cir. 1995). In the absence of a cognizable legal theory, plaintiff's claim as to

25   violation of §1983 based on deprivation of free speech must be dismissed as against all

26   defendants.

27   / / /

28   / / /

10

1    ii.    <u>Relocation of plaintiff's AAH Program section does not constitute violation of its right to</u>

2    <u>procedural due process because plaintiff has no property interest in the Adopt-a-Highway</u>

3    <u>Program</u>

4        To state a claim for a deprivation of due process, a plaintiff must show: (1) that he

5    possessed a constitutionally protected property interest; and (2) that he was deprived of that

6    interest without due process of law.  <u>Bd. of Regents of State Colleges v. Roth</u>, 408 U.S. 564, 577

7    (1972).  Due process property interests are created by "existing rules or understandings that stem

8    from an independent source such as state law – rules or understanding that secure certain benefits

9    and that support claims of entitlement to those benefits." <u>Roth</u>, 408 U.S. 564, 577 (1972); <u>see</u>,

10    <u>Bishop v. Wood</u>, 426 U.S. 341, 344 n. 7 (1976).  For a property interest to be protected by the

11    due process clause "a person must have more than an abstract need or desire for it.  He must have

12    more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement

13    to it." <u>Roth</u>, 408 U.S. at 576.

14        Here, plaintiff cannot establish a constitutionally protected property interest in the AAH

15    program because the encroachment permit itself states that it does not convey a property interest.

16    (Compl. Ex. 2.)  Without a constitutionally protected property interest, plaintiff is unable to state

17    a claim upon which relief may be granted.  In the absence of a cognizable legal theory, plaintiff's

18    contention as to violation of §1983 based on deprivation of due process must be dismissed as

19    against all defendants.

20    iii.    <u>Relocation of plaintiff's AAH Program section does not constitute violation of its right to</u>

21    <u>substantive due process because plaintiff has no fundamental right in a specific location</u>

22    <u>in the Adopt-a-Highway Program</u>

23        The four questions at issue in determining whether there has been a violation of

24    substantive due process are as follows: (1) Is there a fundamental right; (2) Is the constitutional

25    right infringed; (3) Is there a sufficient justification for the government's infringement of a right;

26    and (4) Is the means sufficiently related to the purpose?

27    / / /

28    / / /

a.    *Plaintiff does not have a fundamental right in a particular location through the AAH Program*

Here, plaintiff asserts it has a right to the 11-SD-005 PM 66.3-68.3 N/B location within the AAH Program. However, access to a particular location to clean the State's highways via the AAH Program is not "deeply rooted in this Nation's history and tradition." See Moore v. City of East Cleveland, 431 U.S. 494, 503 (1977). Because access to a particular location as part of the AAH Program is not a fundamental right, the State need only set forth a legitimate purpose to justify its actions. The safety of the public using the state highway system easily surpasses a legitimate purpose and rises to the level of a compelling interest.

b.    *Plaintiff's constitutional rights have not been infringed*

The United States Supreme Court has said that in evaluating whether there is a violation of a right it considers "[t]he directness and substantiality of the interference." Zablocki v. Redhail, 434 U.S. 374, 387 n. 12 (1978); see Lyng v. Castillo, 477 U.S. 635, 638 (1986). Reasonable regulations that do not significantly interfere with a right need not be subjected to rigorous scrutiny. Zablocki, 434 U.S. at 386.

Here, plaintiff claims defendants have violated its due process rights by relocating its participation in the AAH Program from the 11-SD-005 PM 66.3-68.3 N/B location to a section of highway on State Route 52 near Santee. The relocation of plaintiff's participation in the AAH Program does not directly or substantially interfere with its rights, should any be found to exist.

c.    *The safety of the traveling public on the state highway system is a compelling interest*

If a right is deemed fundamental, the government must present a compelling interest to justify an infringement. However, if a right is not fundamental, only a legitimate purpose is required for the law to be sustained. See Zablocki, 434 U.S. at 388 (accepting the need to protect children as a compelling interest); see also Harris v. McRae, 448 U.S. 297, 322 (1980).

Here, the interest plaintiff alleges in the 11-SD-005 PM 66.3-68.3 N/B location is not fundamental. But, even if it were, the safety of the traveling public more than rises to the level of a compelling interest.

12

1          d.    *Relocation of plaintiff's participation in the AAH Program is sufficiently related*

2                *to the purpose of highway safety*

3          Under strict scrutiny, the government must show that the law is necessary and closely

4    tailored to achieve the objective. <u>Zablocki</u>, 434 U.S. at 388.  But, under rational basis review,

5    the means only has to be a reasonable way to achieve the goal and the government is not required

6    to use the least restrictive alternative. <u>See</u> <u>Harris</u>, 448 U.S. at 322 (1980).

7          Here, relocation of plaintiff's AAH Program section is necessary and closely tailored to

8    the compelling interest of highway safety.  Because no substantive due process rights have been

9    violated by this relocation, plaintiff is unable to state a claim upon which relief may be granted.

10   In the absence of a cognizable legal theory, plaintiff's claim as to violation of §1983 based on

11   deprivation of due process must be dismissed as against all defendants.

12   iv.   <u>Relocation of plaintiff's AAH Program section does not constitute violation of its right to</u>

13        <u>Equal Protection</u>

14         Members of the San Diego Minutemen are not members of a suspect class under the

15   Equal Protection clause.  <u>See</u> <u>Wygan v. Jackson Bd. of Educ.</u>, 476 U.S. 267, 273-74 (1986).  Nor

16   can plaintiff articulate a fundamental interest in participating in the AAH Program at any specific

17   location as discussed in preceding sections.  Because the San Diego Minutemen are not members

18   of a suspect class and have no fundamental interest in participating in the AAH program at a

19   particular location, the State's actions must be reviewed at the level of rational basis.  <u>See</u>

20   <u>Gregory v. Ashcroft</u>, 501 U.S. 452, 470-71 (1991).  Under the rational basis test, the State need

21   only demonstrate a rational basis for its action that is associated with a legitimate state interest.

22         Here, the State has a legitimate interest in the safety of the traveling public.  By

23   relocating plaintiff's participation in the AAH Program from the 11-SD-005 PM 66.3-68.3 N/B

24   location to a section of highway on State Route 52 near Santee, the State seeks to reduce

25   disruption of the operation of the state highway and alleviate public safety concerns.  Because

26   the State can demonstrate a rational basis for its actions in pursuit of a legitimate state interest,

27   plaintiff's complaint related to the Equal Protection Clause necessarily fails as a matter of law.

28   ///

Case No.: 08 CV 0210 WQH RBB

1  In the absence of a cognizable legal theory, plaintiff's claim as to violation of §1983 based on

2  deprivation of equal protection must be dismissed as against all defendants.

3  **IV.    DEFENDANTS WILL KEMPTON, DALE BONNER AND PEDRO ORSO-**

4  **DELGADO, ALL SUED IN THEIR INDIVIDUAL CAPACITIES, SHOULD BE**

5  **DISMISSED BECAUSE PLAINTIFF IS UNABLE TO ALLEGE A VIOLATION**

6  **OF THE CONSTITUTION AND DEFENDANTS ARE ENTITLED TO**

7  **QUALIFIED IMMUNITY FOR THEIR ACTIONS**

8        Government employees sued in their individual capacity are entitled to qualified

9  immunity unless their conduct violates "clearly established statutory or constitutional rights of

10  which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818-19

11  (1982); Hernandez v. Gates, et al., 100 F.Supp.2d 1209, 1226 (C.D. Cal. 2000); Lassiter v.

12  Alabama A&M University Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994)(en banc).

13  However, the court only resolves the question of qualified immunity if a plaintiff has

14  successfully alleged a violation of the Constitution. Saucier v. Katz, 533 U.S. 194, 201 (2001);

15  Sacramento Cty v. Lewis, 523 U.S. 833, 842, n. 5 (1998).  Here, plaintiff fails to allege a

16  violation of the Constitution because it has no right to a particular location in the AAH program.

17  Even if plaintiff were able to allege a violation of the Constitution, these defendants would be

18  entitled to qualified immunity because their conduct has not violated "clearly established" law.

19  Because plaintiff fails to allege a violation of the Constitution and defendants' conduct did not

20  violate "clearly established" law, defendants Will Kempton, Dale Bonner and Pedro Orso-

21  Delgado, as sued in their individual capacities should be dismissed.

22  *A.     Plaintiff fails to allege a violation of the Constitution because it has no right to a*

23        *particular location in the AAH Program*

24        Here, the constitutional right alleged is the right to a particular location in the AAH

25  Program.  However, as discussed in preceding sections, the relocation of a courtesy sign

26  extended for participation in any state's Adopt-a-Highway sign does not violate federal law.

27  / / /

28  / / /

1    ***B.    Defendants are entitled to qualified immunity for their actions because they did not***

2    ***violate clearly established constitutional rights by relocating plaintiff's participation in***

3    ***the AAH Program***

4        A government official is entitled to qualified immunity unless his "act is so obviously

5    wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was

6    knowingly violating the law would have done such a thing." Lassiter, 28 F.3d at 1149; Harlow,

7    457 U.S. at 818-19.  "For qualified immunity to be surrendered, pre-existing law must dictate,

8    that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every

9    like-situated, reasonable government agent that what defendant is doing violates federal law in

10    the circumstances." Lassiter, 28 F.3d at 1150.  This qualified immunity equals immunity from

11    liability and from suit itself.  Siegert v. Gilley, 500 U.S. 226, 232 (1991).

12        "Once the qualified immunity defense is raised, plaintiffs bear the burden of showing that

13    the federal 'rights' allegedly violated were 'clearly established.'" Lassiter, 28 F.3d at 1150 n. 3.

14    Plaintiff's burden to prove that the law was clearly established at the time of the alleged injury

15    requires more than mere recitation of general constitutional claims.  See Jenkins v. Talladega

16    City Bd. of Educ., 115 F.3d 821, 826-27 n.4 (11th Cir.1997)(en banc).

17        The issue of qualified immunity is a matter for the court to decide, even if it requires a

18    factual determination as to whether these defendants acted reasonably under the circumstances.

19    Hunter v. Bryant, 502 U.S. 224, 228 (1991).  The inquiry into whether the constitutional right in

20    question was clearly established "must be undertaken in light of the specific context of the case,

21    not as a broad general proposition." Saucier v. Katz, 533 U.S. 194, 201-202 (2001).  The

22    constitutional right in question must be clearly established at an "appropriate level of

23    specificity": "Would it be clear to a reasonable officer that his conduct was unlawful in the

24    situation he confronted?" Id.  Some reasoning by analogy from other precedents may be

25    required of the reasonable public official in ascertaining whether the law is "clearly established."

26    See Hope v. Pelzer, 536 U.S. 730, 741-43 (2002).  But, the controlling or sufficiently analogous

27    precedent will likely have to be from the Supreme Court or from the Circuit whose law is

28    applicable to a particular public official, absent "a consensus of cases" of such persuasive

1  authority that an officer could not have supported his actions were constitutional.  See Wilson v.

2  Layne, 526 U.S. 603, 615-18 (1999).

3        Here, the constitutional right alleged is the right to a particular location in the AAH

4  Program.  However, the relocation of a courtesy sign extended for participation in any state's

5  Adopt-a-Highway sign does not violate federal law.  There is no "consensus of cases" on the

6  issue of relocating AAH Program participation.  Further, neither the United States Supreme

7  Court, nor the Ninth Circuit Court of Appeals has articulated an opinion on the issue of

8  relocating AAH Program participation.  Thus, the state employees named as defendants in their

9  individual capacities, Will Kempton, Dale Bonner and Pedro Orso-Delgado, have not engaged in

10  any conduct that could be construed as violating "clearly established statutory or constitutional

11  rights of which a reasonable person would have known."  See Harlow v. Fitzgerald, 457 U.S.

12  800, 816-17 (1982).

13        Because State officers are personally accountable in §1983 actions only when their

14  unconstitutional acts violate clearly established constitutional rights of which a reasonable

15  official would have known, these named defendants are not financially accountable.  Davis v.

16  Scherer, 468 U.S. 183, 194 (1984) citing Harlow, 457 U.S. 800.   The defense of good faith or

17  qualified immunity bars an award of damages against Will Kempton, Dale Bonner and Pedro

18  Orso-Delgado as sued in their individual capacities and necessitates their dismissal pursuant to

19  Federal Rule of Civil Procedure 12(b)(6) for failure to state a cognizable legal theory.

20  **V.    DEFENDANTS WILL KEMPTON, DALE BONNER AND PEDRO ORSO-**

21        **DELGADO, ALL SUED IN THEIR OFFICIAL CAPACITIES, ARE IN ESSENCE**

22        **THE STATE AND THEREFORE IMMUNE FROM A MONEY DAMAGES**

23        **AWARD FOR THEIR ACTIONS**

24        When a suit is brought against a state officer in his official capacity, the Court has

25  concluded that the entity for which the officer works has been effectively named as the

26  defendant, and that the officer himself has not been named.  Kentucky v. Graham, 473 U.S. 159,

27  165-66 (1985).   In cases where the suit solely involves money damages, the defendant can

28  successfully assert an Eleventh Amendment defense.  However, where such a suit is brought for

1  prospective injunctive relief, the Young/Edelman fiction will apply, and the suit will not be

2  dismissed on sovereign immunity grounds.  Ex parte Young, 209 U.S. 123 (1908); Edelman v.

3  Jordan, 415 U.S. 651 (1974).

4      Here, Kempton, Bonner and Orso-Delgado, as sued in their official capacities are

5  immune from money damages awards in this matter.

6  **VI.  DEFENDANTS WILL KEMPTON, DALE BONNER AND PEDRO ORSO-**

7  **DELGADO, ALL SUED IN THEIR OFFICIAL CAPACITIES, ARE IN ESSENCE**

8  **THE STATE AND THEREFORE SHOULD BE DISMISSED FROM THIS**

9  **COMPLAINT BECAUSE PLAINTIFF FAILED TO STATE FACTS SUFFICIENT**

10  **TO JUSTIFY INJUNCTIVE OR DECLARATORY RELIEF**

11      As discussed throughout preceding sections, plaintiff has failed to allege facts sufficient

12  to state a cognizable legal theory.  Having so failed, plaintiff is not entitled to injunctive or

13  declaratory relief.  Therefore, defendants Kempton, Bonner and Orso-Delgado, as sued in their

14  official capacities, should be dismissed in entirety.

15  **VII.  CONCLUSION**

16      Based on the contentions set forth herein and pursuant to Federal Rules of Civil

17  Procedure, Rule 12(b)(1); (2); and (6), Defendant State of California, Department of

18  Transportation, should be dismissed from the Complaint.  Based on the contentions set forth

19  herein and pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1); (2); and (6), Defendants

20  Dale Bonner, Will Kempton and Pedro Orso-Delgado should be dismissed from the Complaint.

21  Dated: _____          Respectfully submitted,

22                                          BRUCE A. BEHRENS, Chief Counsel
23                                          JEFFREY R. BENOWITZ, Deputy Chief Counsel

24

25                                          _____
                                            Jeffrey R. Benowitz,  Deputy Chief Counsel
26                                          Stephanie D. Martin, Deputy Attorney
                                            Attorneys for Defendant State of California

27

28

17