BRUCE A. BEHRENS, Chief Counsel
JEFFREY R. BENOWITZ, Deputy Chief Counsel
        CBN 169151
GLENN B. MUELLER, Assistant Chief Counsel
JOHN FREDERICK SMITH, Assistant Chief Counsel
STEPHANIE D. MARTIN, CBN 242658
State of California, Department of Transportation
Legal Division
4050 Taylor Street, MS-130
San Diego, CA  92110
Tele: (619) 688-2531 Fax: (619) 688-6905
Attorneys for Defendant, STATE OF CALIFORNIA
acting by and through the DEPARTMENT OF TRANSPORTATION;
DALE BONNER, WILL KEMPTON and PEDRO ORSO-DELGADO

## UNITED STATES DISTRICT COURT

### Southern District of California

| | |
|---|---|
| SAN DIEGO MINUTEMEN, An Unincorporated Association, <br><br>      Plaintiff, <br><br>   vs. <br><br> CALIFORNIA BUSINESS TRANSPORTATION AND HOUSING AGENCY'S DEPARTMENT OF TRANSPORTATION; DALE BONNER, Individually and in his Official Capacity as Agency Director, Business, Transportation and Housing Agency; WILL KEMPTON, Individually and in his Official Capacity as Caltrans Director; PEDRO ORSO-DELGADO, Individually and in his Official Capacity as Caltrans District Director and DOES 1 through 10, <br><br>      Defendant | Case No.: 08 CV 0210 WQH RBB <br><br> **DEFENDANTS' OBJECTION AND OPPOSITION TO PLAINTIFF'S APPLICATION FOR EARLY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES** |

**To Plaintiff and its attorneys of record:**

Please take notice that Defendants, The People of the State of California, acting by and through the Department of Transportation (erroneously named and served as "California Business Transportation and Housing Agency's Department of Transportation"), Dale Bonner, Will Kempton and Pedro Orso-Delgado, hereby object and oppose plaintiff's request for early discovery, and thus, move this Court to deny plaintiff's application.

/ / /

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

**OPPOSITION TO EARLY DISCOVERY**

## I.   PRELIMINARY FACTS

Prior to the defendants service in this case, the Court issued an Order allowing early discovery for the depositions of Director Will Kempton and District Director Pedro Orso-Delgado.  The request for early discovery was based on a since-denied Temporary Restraining Order and withdrawn motion for preliminary injunction.  The Order was dated February 20, 2008.  Defendants were not served with plaintiff's application for early discovery, so were denied the opportunity to be heard on the matter.

Plaintiff served a new motion for preliminary injunction on defendants on February 25, 2008.  Said motion is set to be heard on April 17, 2008.  Plaintiffs are demanding the depositions of defendants Will Kempton and Pedro Orso-Delgado be taken place next week.  Defendants object to early discovery in connection with the plaintiff's new motion for preliminary injunction.

## II.   THERE IS NO SHOWING OF URGENCY JUSTIFYING THE NEED FOR EARLY DISCOVERY

Under Fed. R. Civ. Pro., Rule 26, subdivision (d)(1), ordinarily a party may not seek discovery from any source until the parties have conferred.  Under Fed. R. Civ. Pro., Rule 26, subdivision (f), there must be a good cause to provide for immediate access to the requested discovery rather than postponing the ultimate production during the normal course of discovery.  Stanley v. University of Southern California, 13 F.3d 1313, 1326 (9th Cir. 1994).  Plaintiff falls woefully short in showing urgency for early discovery.

Essentially, the court must balance whether there will be irreparable harm to plaintiff should no early discovery be granted against the burdens placed upon the defendants.  In its motion for preliminary injunction, plaintiff seeks to have its original location on Interstate 5 reinstated and for defendants to re-erect a courtesy Adopt-A-Highway sign.  With the exception

of alleging monetary damages, this is exactly what plaintiff requests in its complaint.  Plaintiff fails to show any irreparable harm requiring early discovery.  Defendants have neither assigned the location of the original Adopt-A-Highway permit to another party, nor revoked plaintiff's permit at all.  Plaintiff's Adopt-A-Highway permit has been moved to another location.  What is the irreparable harm to plaintiff if it does not receive expedited discovery?  Simply, there fails to be any.

Plaintiff has requested depositions of Will Kempton, the Director of the State of California, Department of Transportation, commonly referred to as "Caltrans" and Pedro Orso-Delgado, District 11 Director, which covers San Diego and Imperial Counties.  Plaintiffs demand that the deposition take place next week in San Diego.  Director Kempton lives and works in Sacramento.  There are over 20,000 State employees under Director Kempton.  Additionally, Director Kempton is responsible for statewide projects that are budgeted into billions of taxpayer dollars.  To require Director Kempton to jump on a plane and come to San Diego for a deposition is an unnecessary burden upon the defendants.  Similarly, District Director Orso-Delgado has over 800 employees under him and currently is overseeing some of the State's most significant transportation projects on Interstate 15, State Route 125, State Route 905 and State Route 52.

## III.    CONCLUSION

Based on the argument above, the Court should deny plaintiff's application for early discovery.

Dated:  March 14, 2008

s/ Jeffrey R. Benowitz
Attorney for Defendants
E-mail: jeffrey_r_benowitz@dot.ca.gov