Howard Kaloogian, State Bar No. 118954
Lowell Robert Fuselier, State Bar No. 14070
David T. Hayek, State Bar No. 144116
Kaloogian & Fuselier LLP
2382 Faraday Avenue, Suite 130
Carlsbad, California 92008
Tel. 760-522-1802
Fax. 760-431-1116
**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT
## Southern District of California

| | |
|---|---|
| SAN DIEGO MINUTE MEN<br><br>Plaintiff,<br><br>vs.<br><br>DALE BONNER in his Official Capacity as Agency Director, Business, Transportation and Housing Agency; WILL KEMPTON in his Official Capacity as CalTrans Director; PEDRO ORSO-DELGADO in his Official Capacity as Caltrans District Director and DOES 1 through 50,<br><br>Defendants. | Case Number: 08CV0210 WQH [RBB]<br><br>DECLARATION OF LOWELL ROBERT FUSELIER, ESQ. |

I, Lowell Robert Fuselier, declare as follows:

1. All of the facts set forth herein are within my personal knowledge; if called as a witness, I could and would testify competently thereto.

2. I am an attorney duly licensed to practice before this Court and represent Plaintiff San Diego Minutemen in the above-entitled matter.

3. As part of Plaintiff's initial filing in this action, Plaintiff filed *ex parte* for an Order for early discovery [Doc #3] seeking the depositions of Defendants Kempton and Orso-Delgado.

1

4. The Court referred the matter to Magistrate Brooks for resolution [Doc #6]. Magistrate Brooks, finding good cause therefore, granted the motion for expedited discovery [Doc #10]. Pursuant to this Order, depositions were to be completed by March 3, 2008. However, Defendants took issue with this Order. A true and correct copy of correspondence dated February 25, 2008 by counsel for Defendants and received by my office is hereto attached as Exhibit 1.

5. A conference was arranged with Magistrate Brooks. [Doc #14]. Because the initial motion for preliminary injunction was withdrawn [Doc #12] and a new motion filed [Doc #13] Magistrate Brooks indicated that the March 3 deadline was moot and that the parties should work out any scheduling issues.

6. Following the Court's setting of hearing and briefing dates on both the motion for preliminary injunction [Doc #13] and Defendants' Motion to Dismiss [Doc #19] (*see* Minute Order at Doc #20], my office set the depositions of Messrs. Orso-Delgado and Kempton for March 18 and 20, respectively. The notices were accompanied by a letter to Defendants' counsel indicating a willingness to reschedule the depositions within the week of March 17-21. A true and correct copy of this letter is attached as exhibit 2.

7. Counsel met and conferred regarding the deposition scheduling, but ultimately Defendants' counsel filed an objection to the depositions [Doc #21]. After considering Defendants objections, Magistrate Brooks overruled the objections and again Ordered the depositions to proceed [Doc #22].

8. Following receipt of Magistrate Brooks' Order [Doc #22] my office wrote to defense counsel again attempting to schedule the depositions. A true and correct copy of the March 18, 2008 letter is attached as Exhibit 3.

9. That same day, defense counsel advised that Mr. Orso-Delgado had undergone "an emergency medical procedure" and that he would not likely appear for deposition. The letter further indicated that defendants "were amendable" to a continuance of the

2

DECLARATION OF L. ROBERT FUSELIER, ESQ.

08CV0210 WQH (RBB)

    hearing on the pending motions if Plaintiffs still wanted to depose Mr. Orso-Delgado. A true and correct copy of the letter received by my office is attached as Exhibit 4.

10.  Mr. Kempton's deposition took place as noticed.

11.  During the deposition of Mr. Kempton, defense counsel indicated that documents produced by Mr. Kempton in response to the Notice of Deposition were only produced to the extent such documents existed at Mr. Kempton's office (headquarters) in Sacramento, and that to the extent the documents existed in the local district, those would be produced by Mr. Orso-Delgado.

12.  Defense counsel could not speak to whether Mr. Orso-Delgado would be available for deposition in March.

13.  For the reasons set forth in the original motion for early discovery, Plaintiffs continue to need the deposition of Mr. Orso-Delgado, not only to obtain his testimony, but to obtain the documents not produced by Mr. Kempton at his deposition.

14.  I will be out of State from March 22 through March 28, 2008. Therefore, in order to have an opportunity to depose Mr. Orso-Delgado and still have time to include the information obtained in its papers regarding the pending motions, a continuance of 14 days is necessary with respect to the briefing schedule set by the Court and the hearing on the motions.

15.  Mr. Orso-Delgado's inability and failure to appear for deposition is not a result of any conduct of Plaintiff. Therefore, Plaintiff would be prejudiced if required to file briefs with respect to the pending motions without benefit of Mr. Orso-Delgado's deposition.

 I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

 EXECUTED this 20th day of March, 2008, at Carlsbad, California.

       /s/ Lowell Robert Fuselier
       Lowell Robert Fuselier, Esq.

3

DECLARATION OF L. ROBERT FUSELIER, ESQ.

08CV0210 WQH (RBB)

STATE OF CALIFORNIA—BUSINESS, TRANSPORTATION AND HOUSING AGENCY          ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF TRANSPORTATION**
LEGAL DIVISION
4050 TAYLOR STREET, MS130
SAN DIEGO, CALIFORNIA 92110
PHONE (619) 688-2531
FAX (619) 688-6905
TTY 711
DIRECT DIAL (619) 688-6119
E-Mail: Jeffrey_R_Benowitz@dot.ca.gov



*Flex your power!*
*Be energy efficient!*

February 25, 2008

Kaloogian & Fuselier, LLP                                          By Fax & U.S. Mail
2382 Faraday Ave., Suite 130
Carlsbad, CA 92008

Attn:   David T. Hayek, Esq.

Re:   San Diego Minutemen v. Caltrans, et al.
      U.S. District Court – Southern Dist., Case No. 08 CV 0210 WQH RBB

Dear Mr. Hayek:

This letter is in response to your fax on Friday, February 22, 2008.

I disagree with your interpretation of our conversation concerning the above-entitled action. As you are well-aware, thus far, all defendants have been served is a Complaint.

Simply put, there can be no valid order when no defendant was served with the underlying papers seeking the order itself. With defendants denied notice and any opportunity to be heard, there is a clear lack of due process. While I appreciate your call, you had the obligation to inform the court as to fact that you only served the defendants with the Complaint and should have withdrawn any request for early discovery or a preliminary injunction based on that lack of service.

Any questions regarding this situation should be directed to me at (619) 688-6119.

Very truly yours,

*[signature]*

JEFFREY R. BENOWITZ
Deputy Chief Counsel

*"Caltrans improves mobility across California"*

Exhibit  1

1

**KALOOGIAN & FUSELIER, LLP**
2382 Faraday Ave., Suite 130
Carlsbad, CA 92008
(760) 431-1116 (fax)

March 7, 2008

VIA FACSIMILE AND U.S. MAIL

Jeffrey R. Benowitz, Esq.
Office of General Counsel
California Department of Transportation
M/S 130
4050 Taylor Street
San Diego, California 92110

        RE:      **San Diego Minutemen v. Caltrans, et al.**
                      **Southern District of California Case No. 08CV0210 WQH RBB**

Dear Mr. Benowitz:

     Included with this correspondence please find Notices of Deposition for Messrs. Kempton and Orso-Delgado in the above-referenced matter. Now that the Court has set dates for hearings on both the motion for preliminary injunction and the motion to dismiss, we would like to schedule the depositions of Mr. Kempton and Orso-Delgado. While we have set the date for each of the depositions, we are willing to reasonably coordinate their depositions with your office. Of course, the depositions need to occur promptly to permit time for transcription and their use with respect to opposition/reply papers regarding the above-referenced motions. Similarly, as a courtesy to you, we've noticed the depositions to take place at your office. If you prefer a different location, kindly so advise.

     If the dates currently set for each deposition are not available, kindly provide two alternative dates on which each deponent is available during the week of March 17th. We will then re-confirm the deposition with your office. As you recall, the Court has already ordered that these gentlemen appear for deposition and, during our conference with Magistrate Brooks, he asked that we attempt to work together to accomplish the depositions. I trust we will do so.

     If you have any questions, do not hesitate to contact our office.

Respectfully,

KALOOGIAN & FUSELIER

David T. Hayek, Esq.
Of Counsel
**Sender's Direct Dial (760) 473-9995**

DTH:ms
Enclosures

Exhibit 2

2

**KALOOGIAN & FUSELIER, LLP**
2382 Faraday Ave., Suite 130
Carlsbad, CA 92008
(760) 431-1116 (fax)

March 18, 2008

**VIA FACSIMILE ONLY**

Jeffrey R. Benowitz, Esq.
Office of General Counsel
California Department of Transportation
M/S 130
4050 Taylor Street
San Diego, California 92110

      RE:      San Diego Minutemen v. Caltrans, et al.
                  Southern District of California Case No. 08CV0210 WQH RBB

Dear Mr. Benowitz:

    Our office has just received the Order by Magistrate Brooks overruling Defendants' objections to the two early depositions (copy enclosed). Therefore, to avoid any further delay and undue consumption of time, we will proceed with Mr. Kempton's deposition as originally noticed on March 20, 2008 (from 10:00 a.m. to 1:00 p.m.) and suggest that Mr. Orso-Delgado's deposition follow that same afternoon from 2:00 p.m. to 5:00 p.m. Both would be at your office. If your clients would prefer having the depositions each start an hour earlier, or take place at our office instead, we will agree to do so, provided we are advised no later than 4:00 p.m. today of that preference.

    It is our intention to appear for each of these depositions on March 20. If your clients, or either of them, fail to appear with the requested documents, we will have no alternative but to make an appropriate record and pursue further relief from the Court. Such relief would include recompense to our client for attorneys' fees and costs associated with the refusal to appear. Please indicate your intentions regarding these two depositions today, so we may proceed accordingly.

    Respectfully,

                                                  KALOOGIAN & FUSELIER, LLP

                                                  David T. Hayek, Esq.
                                                  Of Counsel
                                                  **Sender's Direct Dial** (760) 473-9995

DTH:ms
Enclosure: Doc 22 (Order by Mag. Brooks)

Exhibit 3

3

MINUTES OF THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO MINUTEMEN v.
CAL. BUSINESS, TRANSPORTATION AND HOUSING AGENCY      Case No. 08cv0210 WQH(RBB)
                                                       Time Spent: _____

HON. RUBEN B. BROOKS        CT. DEPUTY VICKY LEE                    Rptr. _____

                              Attorneys
         Plaintiffs                              Defendants

David Hayek                              Jeff Benowitz
                                         Stephanie Martin

PROCEEDINGS:  ____ In Chambers   ____ In Court   ____ Telephonic

On March 14, 2008, Defendants filed their Objection and Opposition to Plaintiff's Application for Early Discovery [doc. no. 21]. The Court had previously found good cause for Expedited Discovery and granted Plaintiff's Ex Parte Application for Expedited Discovery on February 4, 2008 [doc. no. 10].

After considering the Defendants' Objection, the Court reaffirms its finding of good cause for expedited discovery. Good cause exists when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). Even Stanley v. University of Southern California, 13 F.3d 1313, 1326 (9th Cir. 1994), cited by Defendants, does not support their objection. In Stanley, the court noted that the Plaintiff requesting injunctive relief could have sought a court order for discovery to support her motion for a preliminary injunction. Id. Defendants' objection is overruled.

DATE: March 17, 2008        IT IS SO ORDERED: /s/ Ruben Brooks
                                              Ruben B. Brooks,
                                              U.S. Magistrate Judge
cc: Judge Hayes                               INITIALS: VL (mg/irc) Deputy
    All Parties of Record

K:\COMMON\BROOKS\CASES\SDMINUTEMEN0210\MINUTE04.wpd

STATE OF CALIFORNIA—BUSINESS, TRANSPORTATION AND HOUSING AGENCY       ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF TRANSPORTATION**
LEGAL DIVISION
4050 TAYLOR STREET, MS130
SAN DIEGO, CALIFORNIA 92110
PHONE (619) 688-2531
FAX (619) 688-6905
TTY (619) 688-6424
DIRECT DIAL (619) 688-6119
E-Mail: Jeffrey_R_Benowitz@dot.ca.gov



*Flex your power!*
*Be energy efficient!*

March 18, 2008

David T. Hayek, Esq.
Kaloogian & Fuselier, LLP
2382 Faraday Ave., Suite 130
Carlsbad, CA 92008

By Fax & U.S. Mail

Re:   Deposition Notices

Dear Mr. Hayek:

Nice speaking with you this afternoon. I received your fax today and the court's ruling. As we discussed Pedro Orso-Delgado had to undergo an emergency medical procedure and was discharged from the hospital yesterday. He has a doctor's appointment for tomorrow morning, but in all likelihood will not be cleared to return to work this week.

Mr. Kempton's deposition will go forward here in my office on Thursday at 10:00 a.m. As you know, I will not be here on Thursday. Glenn Mueller of my office will be handling the deposition.

From our conversation, I understand that your office is unavailable next week. So, following Director Kempton's deposition, if you feel it is necessary to contact Magistrate Brooks to possibly push back the motion for preliminary injunction to allow additional time for you to complete the deposition Mr. Orso-Delgado, I would be amenable to it.

Very truly yours,

JEFFREY R. BENOWITZ
Deputy Chief Counsel

*"Caltrans improves mobility across California"*

Exhibit 4