BRUCE A. BEHRENS, Chief Counsel
JEFFREY R. BENOWITZ, Deputy Chief Counsel, CBN 169151
GLENN B. MUELLER, Assistant Chief Counsel
JOHN FREDERICK SMITH, Assistant Chief Counsel
STEPHANIE D. MARTIN, CBN 242658
State of California, Department of Transportation
Legal Division
4050 Taylor Street, MS-130
San Diego, CA 92110
Tele: (619) 688-2531 Fax: (619) 688-6905
Attorneys for Defendant, STATE OF CALIFORNIA
acting by and through the DEPARTMENT OF TRANSPORTATION;
DALE BONNER, WILL KEMPTON and PEDRO ORSO-DELGADO

UNITED STATES DISTRICT COURT

Southern District of California

| | |
|---|---|
| SAN DIEGO MINUTEMEN, An Unincorporated Association,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA BUSINESS TRANSPORTATION AND HOUSING AGENCY'S DEPARTMENT OF TRANSPORTATION; DALE BONNER, Individually and in his Official Capacity as Agency Director, Business, Transportation and Housing Agency; WILL KEMPTON, Individually and in his Official Capacity as Caltrans Director; PEDRO ORSO-DELGADO, Individually and in his Official Capacity as Caltrans District Director and DOES 1 through 10,<br><br>Defendants. | Case No.: 08 CV 0210 WQH RBB<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION<br><br>Date: May 9, 2008<br>Time: 9:30 a.m.<br>Courtroom: 4<br>Judge: William Q. Hayes |

///

///

///

///

///

///

///

# TABLE OF CONTENTS

**Page**

I. Plaintiff Lacks Standing To Seek A Mandatory Preliminary Injunction Because It Cannot Allege An Injury In Fact ........ 1

II. Standard of Review ........ 2

III. Plaintiff Has Failed To Meet Its Burden Of Persuasion By A Clear Showing Because Removal Of 11-SD-005 PM 66.3-68.3 N/B From The AAH Program Does Not Violate Plaintiff's Constitutional Rights ........ 2

IV. The Preliminary Injunction Sought Is Disfavored Because It Is Mandatory And Seeks Substantially All The Relief Plaintiff Would Seek Upon A Full Trial On The Merits ...... 3

V. Plaintiff Cannot Satisfy The Elements Necessary For A Preliminary Injunction Because Removal Of 11-SD-005 PM 66.3-68.3 N/B From The AAH Program Does Not Violate Plaintiff's Constitutional Rights ........ 4

a. ***Plaintiff fails to meet its burden under the traditional test for preliminary injunctions because removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program does not violate plaintiff's constitutional rights*** ........ 5

1. Because removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program does not violate plaintiff's constitutional rights, there is no threat that plaintiff will suffer irreparable injury if the injunction is denied ........ 5

2. Because no injury is threatened to plaintiff, the balancing of the harms favors the State's concerns for the safe operation of the highways ........ 6

3. Because removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program does not violate plaintiff's constitutional rights, Plaintiff's likelihood of success on the merits is non-existent........ 6

4. The injunction must not disserve the public interest ........ 7

**b.** ***Plaintiff fails to meet its burden under the alternative test for preliminary injunctions removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program does not violate the Constitution*** ........ 9

VI. Conclusion .......................................................................................................... 10

# TABLE OF AUTHORITIES

Page

**Cases**

A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004 n.3 (9th Cir. 2001) ........ 8

Amoco Production Co. v. Village of Gambell, Alaska, 480 U.S. 531 (1987) ........ 5

Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935 (9th Cir. 1987) ........ 5

Ashcroft v. ACLU, 542 U.S. 656 (2004) ........ 8

Brown v. Cal. Dep'tof Transp., et al., 321 F.3d 1217 (9th Cir. 2003) citing DiLoreto v. Downey Unified Sch. Dist. Bd. of Educ., 196 F.3d 958 (9th Cir. 1999) ........ 10

Caribbean Marine Serv. Co., Inc. v. Baldridge, 844 F.2d 668 (9th Cir. 1988) ........ 7

Charette v. Town of Oyster Bay, 159 F.3d 749 (2d Cir. 1998) ........ 3

Department of Parks & Rec. for State of Cal. v. Bazaar Del Mundo, Inc., 448 F.3d 1118 (9th Cir. 2006) ........ 9, 11

Doe v. National Bd. Of Med. Examiners, 199 F.3d 146 (3d Cir. 1999) ........ 3

eBay Inc. v. MercExchange, LLC., 547 U.S. 388 (2006) ........ 6

Greer v. Spock, 424 U.S. 828 (1976) ........ 9

Hawkins v. Comparet-Cassani,
251 F.2d 1230 (9th Cir. 2001) .......... 2

Hendricks v. Bank of America, N.A.,
408 F.3d 1127 (9th Cir. 2005) .......... 2

Hodgers-Durgin v. de la Vina,
199 F.3d 1037 (9th Cir. 1999) .......... 1

Lujan v. Defenders of Wildlife,
504 U.S. 555 (1992) .......... 1

Mazurek v. Armstrong,
520 U.S. 968 (1997) .......... 3

Northern Cheyenne Tribe v. Hodel,
851 F.2d 1152 (9th Cir. 1988) .......... 9

Owner-Operator Independent Drivers Ass'n, Inc. v. Swift Transp. Co., Inc.,
367 F.3d 1108 (9th Cir. 2004) .......... 6

Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.,
944 F.2d 597 (9th Cir. 2001) .......... 2

Republic of Philippines v. Marcos,
862 F.2d 1355 (9th Cir. 1988) .......... 12

Sammartano v. First Judicial Dist. Ct., in & for County of Carson City,
303 F.3d 959 (9th Cir. 2002) .......... 7, 9

Sanborn Mfg. Col, Inc. v. Campbell Husfeld/Scott Fetzer Co.,
997 F.2d 484 (8th Cir. 1993) .......... 4

Sardi's Restaurant Corp. v. Sardie,
755 F.2d 719 (9th Cir. 1985) .......... 7

Schrier v. University of Colorado,
427 F.3d 1253 (10th Cir. 2005) .......... 4

Siegel v. LePore,
234 F.3d 1163 (11th Cir. 2000) .......... 6

Simula, Inc. v. Autoliv, Inc.,
175 F.3d 716 (9th Cir. 1999) ........................................................................................ 6
Southwest Voter Registration Ed. Project v. Shelley,
344 F.3d 914 (9th Cir. 2003) ................................................................................ 2, 12
Stanley v. Univ. Southern. Cal.,
13 F.3d 1313 (9th Cir. 1994) .................................................................................. 4, 5
State of Texas v. Seatrain Int'l, S.A.,
518 F.2d 175 (5th Cir. 1975) ........................................................................................ 8
United States v. Marine Shale Processors,
81 F.3d 1329 (5th Cir. 1996)
citing United States Steelworkers of America v. United States,
361 U.S. 39 (1959 (Frankfurter, J., concurring)) ........................................................ 10
Weinberger v. Romero-Barcelo,
456 U.S. 305 (1982)........................................................................................................ 5

**Statutes**

California Streets & Highway Code
§ 92 (2007)..................................................................................................................... 8

Defendants, The People of the State of California, acting by and through the Department of Transportation (erroneously named and served as "California Business Transportation and Housing Agency's Department of Transportation"), Dale Bonner, Will Kempton and Pedro Orso-Delgado (hereinafter referred to collectively as "State", files the following Opposition to the plaintiff's motion for preliminary injunction.

**I.**

**Plaintiff Lacks Standing To Seek A Mandatory Preliminary Injunction Because It Cannot Allege An Injury In Fact**

Constitutional standing is a necessary element of any claim for injunctive relief. This requires plaintiff to show injury in fact, causation and redressibility. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Hodgers-Durgin v. de la Vina, 199 F.3d 1037, 1044 (9th Cir. 1999). An injury in fact is a concrete harm that is actual or imminent. Id.

Here, plaintiff has failed to allege a viable claim for relief because the removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program does not violate plaintiff's constitutional rights as a matter of law. The State determines which segments of highway are eligible for adoption via the AAH Program. When the State determined that 11-SD-005 PM 66.3-68.3 N/B raised safety and operational concerns, the State removed it from the AAH Program. (Orso-Delgado Dep. 15:24 -16:12, Apr. 8, 2008, excerpts attached hereto as Ex. 1.) Consequently, plaintiff was offered another location available for adoption within the AAH Program. (Compl. Ex. 5.) The State was unable to offer a location to plaintiff on SR-78, the highway originally requested by application. (Compl. Ex. 2.) But, an open location was identified on SR-52. (Compl. Ex. 5.) If plaintiff is not satisfied by the location identified on SR-52, it is free to submit an application for any highway segment eligible for adoption through the AAH Program.

Removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program based on safety and operational concerns does not create a harm to plaintiff. Neither entities, nor individuals have a right to adopt a segment of highway that is not a part of the AAH Program. Plaintiff has not suffered any harm by the removal of this highway segment from the AAH Program because it

still has the ability to participate in the AAH Program. Because plaintiff is unable to allege an actual or imminent concrete harm, it lacks standing to assert a claim for injunctive relief.

## II.
## Standard of Review

The standard of review regarding preliminary injunctions depends on the aspect of the trial court's actions that has been challenged. The trial court's factual findings supporting grant or denial of a preliminary injunction are reviewed under a "clearly erroneous" standard. Hawkins v. Comparet-Cassani, 251 F.2d 1230, 1239 (9th Cir. 2001). Any issue of law underlying such grant or denial is reviewed de novo. Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 600 (9th Cir. 2001). Whether to grant, deny or modify a preliminary injunction is a discretionary decision and therefore reviewed only for abuse of discretion; i.e., review is "limited and deferential." Southwest Voter Registration Ed. Project v. Shelley, 344 F.3d 914, 918 (9th Cir. 2003). In essence, an appellate court will affirm the granting or denial of a preliminary injunction "unless the district court (1) abused its discretion or (2) based its discretion on an erroneous legal standard or on clearly erroneous findings of fact." Hendricks v. Bank of America, N.A., 408 F.3d 1127, 1139 (9th Cir. 2005).

## III.
## Plaintiff Has Failed To Meet Its Burden Of Persuasion By A Clear Showing Because Removal Of 11-SD-005 PM 66.3-68.3 N/B From The AAH Program Does Not Violate Plaintiff's Constitutional Rights

The party moving for a preliminary mandatory injunction must carry its burden of persuasion by a "clear showing" because a preliminary injunction is an extraordinary remedy. Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). Unsworn allegations alone are not enough to establish standing at the preliminary injunction stage. Plaintiff must demonstrate the likelihood that it will be injured by the threatened conduct by verified complaint, affidavits or other credible evidence. See Doe v. National Bd. Of Med. Examiners, 199 F.3d 146, 152-53 (3d Cir. 1999). There is no need for oral testimony where the disputed facts "are amenable to complete

resolution on a paper record." Charette v. Town of Oyster Bay, 159 F.3d 749, 755 (2d Cir. 1998); Ty, Inc. v. GMA Accessories, Inc., 132 F.3d 1167, 1171 (7th Cir. 1997).

Here, plaintiff has provided only self-serving affidavits claiming injury caused by the removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program. However, plaintiff does not and cannot claim it has been denied access to the AAH Program. Because removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program does not threaten or create harm to plaintiff, it has failed to carry its burden of persuasion by a "clear showing."

## IV.

## The Preliminary Injunction Sought Is Disfavored Because It Is Mandatory And Seeks Substantially All The Relief Plaintiff Would Seek Upon A Full Trial On The Merits

The factors considered by the Court in regard to preliminary injunctions are (1) likelihood of success on the merits; (2) a substantial threat plaintiff will suffer irreparable injury if the preliminary injunction is denied; (3) the threatened injury outweighs any damage the preliminary injunction might cause defendant; and (4) the injunction will not disserve the public interest. In certain "disfavored" cases, courts have held that these factors must be "closely scrutinized" before a preliminary injunction will be granted. These "disfavored" injunctions include (1) injunctions that disturb the status quo; (2) injunctions that are mandatory; and (3) injunctions that provide substantially all the relief the moving party would obtain after a full trial on the merits. Stanley v. Univ. Southern. Cal., 13 F.3d 1313, 1319-20 (9th Cir. 1994); Schrier v. University of Colorado, 427 F.3d 1253, 1260-61 (10th Cir. 2005).

By this preliminary injunction, plaintiff seeks to override the State's determination regarding the exclusion of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program. This preliminary injunction requests the Court take mandatory action and order the State to include 11-SD-005 PM 66.3-68.3 N/B in the AAH Program and assign that location to plaintiff. This is substantively the same relief plaintiff seeks after a full trial on the merits. Because the burden on the moving party is a "heavy one where…granting the preliminary injunction will give [the

movant] substantially the relief it would obtain after a trial on the merits," it is disfavored. Sanborn Mfg. Col, Inc. v. Campbell Husfeld/Scott Fetzer Co., 997 F.2d 484, 486 (8th Cir. 1993).

As a disfavored type of preliminary injunction, the Court must strictly scrutinize the factors at issue. Scrutiny of these factors reveals the absence of any constitutional basis for the issuance of a preliminary injunction or for the continuance of this matter because the removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program does not create or threaten a constitutional harm to plaintiff.

**V.**

**Plaintiff Cannot Satisfy The Elements Necessary For A Preliminary Injunction Because Removal Of 11-SD-005 PM 66.3-68.3 N/B From The AAH Program Does Not Violate Plaintiff's Constitutional Rights**

"[T]he basis for [preliminary or permanent] injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982); Stanley v. USC, 13 F.3d 1313, 1320 (9th Cir. 1994). An injunction never issues as a matter of course. "In each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. Although particular regard should be given to the public interest…a federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law." Amoco Production Co. v. Village of Gambell, Alaska, 480 U.S. 531, 542 (1987).

All courts agree that plaintiff must satisfy the general equitable requirements above by showing a significant threat of "irreparable injury" and legal remedies are "inadequate." Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). Applications for preliminary injunctive relief must meet additional criteria. These vary from circuit to circuit. The Ninth Circuit has articulated both the traditional and alternative tests in case law. Under either test, plaintiff fails to meet its burden of persuasion by a "clear showing" via close scrutiny of the relevant factors.

///

///

a. ***Plaintiff fails to meet its burden under the traditional test for preliminary injunctions because removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program does not violate plaintiff's constitutional rights***

The traditional test is composed of the following four factors: (1) a likelihood of success on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage the injunction might cause to defendant (i.e., the balance of hardships favors the plaintiff-applicant); and (4) the injunction will not disserve the public interest. See eBay Inc. v. MercExchange, LLC., 547 U.S. 388, 391 (2006); Owner-Operator Independent Drivers Ass'n, Inc. v. Swift Transp. Co., Inc., 367 F.3d 1108, 1111 (9th Cir. 2004).

The Ninth Circuit has determined that the "balance of harm" evaluation should precede the "likelihood of success" analysis…because until the balance of harm has been determined the court cannot know how strong and substantial must be the plaintiff's showing of likely success on the merits. Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 725 (9th Cir. 1999). Preliminary injunction may be granted only when the moving party has demonstrated a significant threat of irreparable injury irrespective of the magnitude of the injury. Even if plaintiff established a likelihood of success on the merits, "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

Here, plaintiff fails to meet its burden of close scrutiny of these four factors because the State has the right to determine what highway segments are available for adoption through the AAH Program and removal of any given segment does not violate the Constitution.

1. Because removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program does not violate plaintiff's constitutional rights, there is no threat that plaintiff will suffer irreparable injury if the injunction is denied

Plaintiff must "demonstrate immediate threatened harm" to justify issuance of a preliminary injunction. Caribbean Marine Serv. Co., Inc. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). In this case, Plaintiff has not been denied access to the AAH Program. Mere

removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program does not create an immediate threatened harm to plaintiff. Thus, plaintiff cannot demonstrate an immediate threatened harm if the injunction is denied.

2. Because no injury is threatened to plaintiff, the balancing of the harms favors the State's concerns for the safe operation of the highways

In assessing the relative hardships to each party, the court must consider the impact the injunction may have on the respective parties. The relative size and strength of each party may be pertinent to this inquiry. Sardi's Restaurant Corp. v. Sardie, 755 F.2d 719, 726 (9th Cir. 1985).

In this case, the State's interests of public safety and operational concerns outweigh plaintiff's claim of injuries regarding the removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program. See Sammartano v. First Judicial Dist. Ct., in & for County of Carson City, 303 F.3d 959, 974 (9th Cir. 2002). The fact that the State offered plaintiff an alternate location after it removed 11-SD-005 PM 66.3-68.3 N/B from the AAH Program further diminishes plaintiff's claim to injury. While the State is still unable to offer plaintiff a location on the highway requested by its application, SR-78, plaintiff is still eligible to adopt any location available for adoption through the AAH Program.

3. Because removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program does not violate plaintiff's constitutional rights, Plaintiff's likelihood of success on the merits is non-existent

To obtain a preliminary injunction, plaintiff must show that it is "likely" to prevail on the merits. Ashcroft v. ACLU, 542 U.S. 656, 665 (2004). Plaintiff must demonstrate likelihood of success on the merits "in light of the presumptions and burdens that will inhere at trial on the merits." A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1015 n.3 (9th Cir. 2001). Likelihood of success is examined in the context of the relative injuries to the parties and the public. A preliminary injunction will be denied where it is legally impossible for plaintiff to succeed on the merits of its underlying claim, no matter how severe or irreparable the injury to

plaintiff: "one cannot obtain a preliminary injunction if he clearly will not prevail on the merits." State of Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 180 (5th Cir. 1975).

As already discussed in the State's motion for dismissal and throughout this opposition, removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program and the subsequent offer to relocate plaintiff's participation in the Program to another location does not violate plaintiff's constitutional rights. The State has the sole right to determine what segments of the highway may be adopted through the AAH Program. Many segments of the California state highway system are not available for adoption because of a variety of safety and operational concerns. Likewise, the State has determined that 11-SD-005 PM 66.3-68.3 N/B is a safety and operational concern as it pertains to the AAH Program. The State's safety and operational decisions are authorized by its implied powers clause, which states, "[t]he department may do any act necessary, convenient or proper for the construction, improvement, maintenance or use of all highways which are under its jurisdiction, possession or control." Cal. Sts. & Hy Code § 92 (2007). Having determined inclusion of this highway segment in the AAH Program poses a safety and operational concern, the State exercised its authority in removing 11-SD-005 PM 66.3-68.3 N/B from the AAH Program. Contrary to plaintiff's contentions, the State is not required to wait for an incident to occur before taking action to protect the safe operations of the highway system.

4. The injunction must not disserve the public interest

Courts must consider the public interest as a factor when the public interest may be affected. Department of Parks & Rec. for State of Cal. v. Bazaar Del Mundo, Inc., 448 F.3d 1118, 1124 (9th Cir. 2006). Although courts have often subsumed the inquiry relating to public interest into the balancing of the hardships, it is better seen as an element that deserves separate attention. Where the public interest is involved, the court must also determine whether the public interest favors the moving party. Sammartano v. First Judicial Dist. Ct., in & for County of Carson City, 303 F.3d 959, 974 (9th Cir. 2002). The public interest inquiry primarily addresses impact on nonparties rather than parties. Id. In determining whether the injunction would affect the public interest, the court must expressly consider the public interest on the

record. Failure to do so constitutes an abuse of discretion. Northern Cheyenne Tribe v. Hodel, 851 F.2d 1152, 1157 (9th Cir. 1988).

Here, plaintiff has argued that the public has an overriding interest in upholding First Amendment principles sufficient to require issuance of this preliminary injunction. However, the state highway system is a non-public forum. See Greer v. Spock, 424 U.S. 828, 838 (1976)[1]; Brown v. Cal. Dep't of Transp., et al., 321 F.3d 1217, 1222 (9th Cir. 2003) citing DiLoreto v. Downey Unified Sch. Dist. Bd. of Educ., 196 F.3d 958, 964 (9th Cir. 1999). The State, by allowing displays of courtesy signs as part of the AAH program, has not transformed State highways into public forums. See Brown, 321 F.3d at 1222. Further, these courtesy signs are specifically not intended as public discourse. (Adopt-a-Highway Program Guidelines and Coordinators Handbook, Ch. 2, Purpose.)

Contrary to plaintiff's contentions, any speech occurring via the AAH courtesy signs is more appropriately classified as government speech, wherein the State publicly thanks volunteers. As it pertains to the public interest, any minimal First Amendment rights laid claim to by plaintiff are outweighed in these circumstances by the State's safety and operational concerns. Additionally, the public interest in upholding First Amendment principles has not been disserved by the State's actions because plaintiff retains the ability to adopt available locations within the AAH Program.

When the United States or a sovereign state sues in its capacity as protector of the public interest, an injunction may be based entirely upon the court's determination that the activity involved constitutes a risk of danger to the public. United States v. Marine Shale Processors, 81 F.3d 1329, 1359 (5th Cir. 1996) citing United States Steelworkers of America v. United States, 361 U.S. 39, 60-61 (1959 (Frankfurter, J., concurring)); Virginian Railway v. System Federation No. 40, AFL, 300 U.S. 515, 552 (1937). This doctrine draws supports from the extraordinary weight courts of equity place upon the public interests in a suit involving more than a mere

---

[1] In Greer v. Spock, the United States Supreme Court found that sections of military bases open to the public are nonetheless non-public forums because it is "the business of a military installation…to train soldiers, not to provide a public forum." Similarly, although the highway system is open to the traveling public, it is a non-public forum for speech purposes.

private dispute; and from the deference courts afford the political branches in identifying and protecting the public interest. Id.

By analogy, under these circumstances where the State has determined the stretch of State Route 5 at 11-SD-005 PM 66.3-68.3 N/B is a public safety and operational concern as it relates to the AAH Program, the court may base its ruling entirely upon the State's determination that inclusion of 11-SD-005 PM 66.3-68.3 N/B within the AAH Program constitutes a safety and operations concern.

Under the traditional test, plaintiff fails to meet its burden because the State has the sole right to determine what segments of highway are suitable for inclusion in the AAH Program. As such, its removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program based on safety and operational concerns does not violate plaintiff's constitutional rights, particularly because plaintiff retains the ability to participate in the AAH Program.

b. ***Plaintiff fails to meet its burden under the alternative test for preliminary injunctions removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program does not violate the Constitution***

The "alternative test" for preliminary injunctions permits plaintiff to meet its burden by showing either (a) a combination of probable success on the merits and the possibility of irreparable injury; or (b) serious questions as to these matters and the balance of hardships tips sharply in plaintiff's favor. Department of Parks & Rec. for State of Cal. v. Bazaar Del Mundo, Inc., 448 F.3d 1118, 1123 (9th Cir. 2006). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases…(I)f the plaintiff shows no chance of success on the merits, the injunction should not issue, because as an irreducible minimum, the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." Id. at 1123-24.

Here, as discussed in the State's motion for dismissal and throughout this opposition, the decision to remove 11-SD-005 PM 66.3-68.3 N/B from the AAH Program does not create or threaten harm to plaintiff. Plaintiff's ability to participate in the AAH Program is limited only to

the extent every other entity and individual is constrained; only those segments of highway identified by the State for inclusion in the AAH Program may be adopted. Given these facts, plaintiff's claim for relief lacks even a "fair chance of success on the merits."

Nor do serious questions as to these matters exist sufficient to tip the balance of hardships sharply in plaintiff's favor. Serious questions include questions that involve a fair chance of success on the merits that cannot be resolved on way or the other at the hearing on the injunction, "and as to which the court perceives the need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo." Republic of Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988). Here, plaintiff's claim that the removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program violates its constitutional rights is without legal basis as already discussed. Because plaintiff's claim is without legal basis, it has not raised any serious questions.

Under these facts and circumstances, plaintiff cannot assert an actual or threatened harm by the State's removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program. Because plaintiff cannot claim a constitutional injury based on the removal of a highway segment from the AAH Program, it fails to satisfy its burden under the alternative test for preliminary injunctions.

## VI.

## Conclusion

Under either the traditional test or the alternative test, the analysis "creates a continuum: the less certain the district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that the public interest and balance of hardships tip in their favor." Southwest Voter Registration Ed. Project v. Shelley, 344 F.3d 914, 918 (9th Cir. 2003).

///
///
///
///
///

Here, plaintiff's claims are unsupported by law. Further, the State's interest in public safety and the operational integrity of the state highway system outweigh any contrived constitutional arguments set forth by plaintiff. Because no law supports plaintiff's contentions and the public interest and balance of hardships favor the State, the Court should deny plaintiff's preliminary injunction.

Dated: April 25, 2008

s/ Jeffrey R. Benowitz
Attorney for Defendants
E-mail: Jeffrey_R_Benowitz@dot.ca.gov

11

DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION

**EXHIBIT 1**

LOCATION. THAT'S THE ISSUE.

Q SO THE ISSUE IS, YOU THINK SOMEONE WILL SEE THAT SIGN AND THEN BECOME VIOLENT?

MR. BENOWITZ: OBJECTION. MISSTATES HIS TESTIMONY.

BY MR. FUSELIER:

Q WELL, LET ME ASK YOU A QUESTION. WHY IS IT AN ISSUE? WHY IS IT A SAFETY ISSUE? WHAT DO YOU THINK MIGHT HAPPEN THAT WOULD CAUSE IT TO BE A SAFETY ISSUE?

MR. BENOWITZ: OBJECTION. ASKED AND ANSWERED.

A AS I SAID BEFORE, YOU HAVE A POTENTIAL THAT SOMEONE IS GOING TO PULL OFF THE ROAD, SOMEONE IS GOING TO GAWK, SOMEONE IS GOING TO REAR-END SOMEONE. SOMEONE MAY RUN OFF THE ROAD AND HIT ONE OF THE PEOPLE CLEANING UP THE HIGHWAY. SOMEONE MAY PURPOSELY PULL OFF THE ROAD TO INTIMIDATE THE CREW. I DON'T KNOW.

BY MR. FUSELIER:

Q AND THIS IS BECAUSE THEY SEE THE SIGN?

A YEAH. BECAUSE OF WHAT IT REPRESENTS. I'M NOT SAYING THAT THAT'S RIGHT OR WRONG.

Q I UNDERSTAND.

A BUT IT DOES CREATE A SAFETY CONCERN FROM THE POINT THAT WE ARE NOW -- HAVE REMOVED THAT SEGMENT FROM

AN ADOPT-A-HIGHWAY LOCATION FOR OUR INVENTORY HERE IN SAN DIEGO.

Q I ASKED MR. KEMPTON ABOUT THAT, AND HE SAID TO HIS KNOWLEDGE IT HAD NOT BEEN REMOVED.

A IT HAS.

Q HOW DID YOU REMOVE IT?

A WE WON'T ADOPT IT.

Q NO. THAT'S NOT MY QUESTION. HOW DID YOU REMOVE IT FROM THE SYSTEM? WHAT IS THE PROCEDURE YOU WENT THROUGH?

A WE BASICALLY -- WE ARE PULLING IT OFF, AND WE WON'T HAVE IT OPEN FOR ADOPTION.

Q WHEN YOU SAY, "WE," WHO MADE THAT DECISION?

A I DID.

Q SO THAT'S A DECISION THAT YOU MADE --

A RIGHT.

Q -- RELATIVE TO THE SIGN?

YOU DECIDED THAT THIS PART OF THE --

MR. BENOWITZ: OBJECTION. THAT MISSTATES HIS TESTIMONY. IT IS WITH REGARD TO THE SEGMENT, NOT THE SIGN.

BY MR. FUSELIER:

Q YOU DECIDED THAT THAT SEGMENT OF THE HIGHWAY WOULD NO LONGER BE AVAILABLE FOR THE ADOPT-A-HIGHWAY PROGRAM; IS THAT CORRECT?