BRUCE A. BEHRENS, Chief Counsel
JEFFREY R. BENOWITZ, Deputy Chief Counsel, CBN 169151
GLENN B. MUELLER, Assistant Chief Counsel
JOHN FREDERICK SMITH, Assistant Chief Counsel
STEPHANIE D. MARTIN, CBN 242658
State of California, Department of Transportation
Legal Division
4050 Taylor Street, MS-130
San Diego, CA  92110
Tel: (619) 688-2531 Fax (619) 688-6905
Attorneys for Defendant, STATE OF CALIFORNIA,
acting by and through the DEPARTMENT OF TRANSPORTATION;
DALE BONNER, WILL KEMPTON and PEDRO ORSO-DELGADO

UNITED STATES DISTRICT COURT

Southern District of California

| | |
|---|---|
| SAN DIEGO MINUTEMEN, An Unincorporated Association,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CALIFORNIA BUSINESS TRANSPORTATION AND HOUSING AGENCY'S DEPARTMENT OF TRANSPORTATION; DALE BONNER, Individually and in his Official Capacity as Agency Director, Business, Transportation and Housing Agency; WILL KEMPTON, Individually and in his Official Capacity as Caltrans Director; PEDRO ORSO-DELGADO, Individually and in his Official Capacity as Caltrans District Director and DOES 1 through 10,<br><br>                    Defendant | Case No.: 08 CV 0210 WQH RBB<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:   May 9, 2008<br>Time:   9:30 a.m.<br>Dept.:  4<br>Judge William Q. Hayes |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

**I.    INTRODUCTION**

Defendants' motion to dismiss is based on plaintiff's complaint, exhibits attached thereto and the Adopt-a-Highway Program Guidelines and Coordinators Handbook (Guidelines & Handbook), which the State has requested the Court take judicial notice of due to its nature.  The State does not intend for this motion to dismiss to serve as a motion for summary judgment. Rather, the State contends plaintiff has failed to enumerate any constitution injury by the conclusory allegations contained within its complaint, particularly in consideration of the documents attached as exhibits to the complaint.  Contrary to plaintiff's argument in opposition, the State has made numerous citations to the complaint and its exhibits throughout its motion.

Plaintiff's argument that the State cannot cite to the exhibits plaintiff attached to the complaint is an incorrect statement of law.  Several classes of documents may be considered on a Rule 12(b)(6) motion without converting the motion into one for summary judgment, including documents for which authenticity is not disputed by the parties, official records, documents central to plaintiff's claim and documents sufficiently referred to in the complaint.  Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  Further, material properly submitted with the complaint may be considered as part of the complaint for purposes of a Rule 12(b)(6) motion to dismiss.  Hall Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 (9th Cir. 1989).  Finally, "when a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations."  KKE Architects, Inc. v. Diamond Ridge Dev. LLC 2008 U.S. Dist. LEXIS 17127 at 8 (C.D. Cal. Mar. 3, 2008) citing Thompson v. Illinois Dept. of Prof. Reg., 300, F.3d 750, 754 (7th Cir. 2002).

Equally incorrect is the argument that the State cannot refer to the Guidelines & Handbook in support of its motion to dismiss.  This document, previously submitted for judicial notice to the court, is an official record for which authenticity cannot be denied and which is sufficiently referred to in the complaint.

The deposition segments referenced by plaintiff in its opposition to this motion are inappropriate and should be ignored by the Court.  This is a motion to dismiss, not a motion for

Case No.: 08 CV 0210 WQH RBB

summary judgment. Further, the segments selected from Director Kempton's deposition have been taken out of context and contain information plaintiff's counsel knows to have been clarified by the later deposition of Pedro Orso-Delgado, particularly the fact that 11-SD-005 PM 66.3-68.3 N/B has been removed from the AAH Program. Because this motion to dismiss is brought by defendants' under Rules 12(b)(1)(2) and (6), it would not be proper at this stage for the State to supplement plaintiff's incomplete recitation of facts drawn out via deposition.

Despite the attempts made by plaintiff, it has failed to allege a concrete injury in fact sufficient to support this complaint. Plaintiff has not and cannot allege exclusion from the AAH Program because it was offered an alternate location upon removal of 11-SD-005 PM 66.3-68.3 N/B from the AAH Program. Consequently, plaintiff has not been denied any right available to any other entity or individual. Because plaintiff has failed to allege an injury in fact, it has no standing under which to make these claims.

Further, plaintiff's argument that the Eleventh Amendment does not provide immunity from suits based on federal questions wholly contradicts over a century of well-established law.

Defendants respectfully request that the Court grant its Motion to Dismiss based on its Points and Authorities in Support and Reply of the Motion, as well as its Opposition to Preliminary Injunction.

## II. PLAINTIFF'S CLAIMS AGAINST THE STATE ARE BARRED BECAUSE THE STATE HAS ELEVENTH AMENDMENT IMMUNITY AND IS NOT A PERSON WITHIN THE MEANING OF 42 U.S.C. § 1983

### A. The Eleventh Amendment to the United States Constitution acts as a complete bar to jurisdiction over Defendant State of California

Plaintiff's reliance on Justice Souter's dissent in <u>Seminole Tribe of Fla. v. Florida</u>, 517 U.S. 44, 100 (1996) is contrary to settled law in the area of the Eleventh Amendment. The State is immune to this suit because it is a sovereign state entity that has not consented to suit. <u>Kimel v. Florida Board of Regents</u>, 528 U.S. 62, 72-73 (2000); <u>Idaho v. Coeur d'Alene Tribe of Idaho</u>, 521 U.S. 261, 267-68 (1997); <u>Hans v. Louisiana</u>, 134 U.S. 1 (1890). Because no amendment of the pleadings can overcome this jurisdictional issue, dismissal of defendant "California Business

/ / /

1  Transportation and Housing Agency's Department of Transportation" (State) should be granted
2  without leave to amend.

3        **B.**      ***The State is not a "person" within the meaning of 42 U.S.C. § 1983***

4        Plaintiff invokes this Court's jurisdiction pursuant to 42 U.S.C. § 1983, however, "[a]

5  State is not a 'person' within the meaning of § 1983." <u>Will v. Michigan State Police</u>, 491 U.S.

6  58, 65-66 (1989). As such, defendant State should be dismissed without leave to amend.

7  **III.**    **PLAINTIFF'S COMPLAINT IS NOT RIPE FOR JUDICIAL REVIEW BECAUSE**
8          **IT HAS NOT SUFFERED ANY HARM**

9        A case is not ripe unless there is a genuine and immediate threat of harm. <u>See</u> <u>Tex. v.</u>
10 <u>U.S.</u>, 523 U.S. 296, 300-302 (1998). In the absence of such an injury, a complaint must be
11 dismissed.

12       Here, the State relocated plaintiff's participation in the AAH Program from the 11-SD-
13 005 PM 66.3-68.3 N/B location to a section of highway on State Route 52 near Santee for the
14 safety of the traveling public. (Compl. Ex. 5.) Contrary to plaintiff's allegations, such relocation
15 does not result in the violation of free speech, equal protection or due process. Relocation in this
16 manner for the safety of the traveling public is not a revocation of plaintiff's ability to participate
17 in the AAH Program. Further, plaintiff's right to participate in the AAH Program is limited only
18 to the same extent experienced by every other eligible applicant because 11-SD-005 PM 66.3-
19 68.3 N/B has been removed from the AAH Program and can no longer be adopted.

20       Because plaintiff has not suffered any injury by the relocation of its participation in the
21 AAH program, this case is not ripe for judicial review. <u>See</u> <u>Tex. v. U.S.</u>, 523 U.S. at 300-302.
22 Further, in the absence of any harm, plaintiff lacks standing to pursue this lawsuit.

23     **IV.**    **DEFENDANTS' CONDUCT DOES NOT VIOLATE PLAINTIFF'S RIGHTS**
24         **TO FREE SPEECH, DUE PROCESS OR EQUAL PROTECTION**

25       Plaintiff has failed to allege a cognizable legal theory upon which relief may be granted
26 based on its complaint and the exhibits attached thereto. Contrary to plaintiff's allegations in its
27 Complaint, the letter attached thereto as Exhibit 5 evidences plaintiff's right to participate in the
28 program has not been revoked. (Compl. Ex. 5.) As stated in that letter, due to concerns about

the safety of the traveling public at the Interstate 5 site originally assigned to plaintiff, the State decided to re-locate plaintiff's AAH section. Because plaintiff's ability to participate in the AAH Program has not been revoked, it cannot allege facts sufficient to establish a cognizable legal theory for violation of any constitutional rights.

**B.    RELOCATION OF AN AAH PROGRAM SECTION DOES NOT CONSTITUTE A VIOLATION OF PLAINTIFF'S RIGHT TO FREE SPEECH**

      i.    <u>The name printed on an AAH courtesy sign does not rise to the level of private speech protected by the First Amendment</u>

The names printed on the courtesy signs authorized in connection with the AAH Program are specifically not intended to be a forum for public discourse. (Guidelines & Handbook, Ch. 2, Purpose, 2-1.) In fact, the speech occurring is more accurately described as government speech, wherein the State publicly thanks volunteers.

Because the name printed on an AAH courtesy sign does not rise to the level of private speech protected by the First Amendment, relocation of such signs does not constitute a violation of the Constitution.

      ii.    <u>The State can exercise control over the highway, a non-public forum, because its actions are viewpoint neutral and reasonable in the light of the purposes served by the highway</u>

Here, the property at issue is the State's highways. Although the state highway system is open to the public, it is not a public forum for speech purposes. <u>See</u> <u>Greer v. Spock</u>, 424 U.S. 828, 838 (1976). Clearly, State highways are non-public forums. <u>Brown v. Cal. Dep't of Transp., et al.</u>, 321 F.3d 1217, 1222 (9th Cir. 2003). The State, by displaying courtesy signs to thank volunteers as part of the AAH program, has not transformed State highways into public forums for expressive activity. <u>See</u> <u>id.</u>

In <u>Brown</u>, the Ninth Circuit found that "overpass fences are not 'compatible' with expressive activity because messages displayed invariably distract drivers, thereby posing safety risks." <u>Id.</u> The court further found, "because CalTrans has not intentionally made highway overpasses available for public discourse, they are not designated public fora. The highway overpasses are thus nonpublic fora." <u>Id.</u> Similarly, in this case the State has not intentionally

4

1   made the AAH Program available for public discourse.  As a nonpublic forum, restrictions need

2   only be "(1) 'reasonable in light of the purpose served by the forum' and (2) 'viewpoint

3   neutral.'"  Id.

4          Although plaintiff contends the California State highways are either traditional public

5   fora or designated public fora, its argument is without merit in light of the Ninth Circuit's ruling

6   in DiLoreto v. Downey Unified Sch. Dist. Bd. of Educ., 196 F.3d 958, 964 (9th Cir. 1999).  In

7   DiLoreto, the court differentiated between a designated public forum and a limited public forum.

8   Id. at 964-5.  A designated public forum exists when the government intentionally opens up a

9   nontraditional forum for public discourse.  Id. at 964.  However, when the government

10  intentionally opens a nonpublic forum to certain groups or to certain topics, a limited public

11  forum is created.  Id. at 965.  "In a limited public forum, restrictions that are viewpoint neutral

12  and reasonable in light of the purpose served by the forum are permissible."  Id.

13         Although defendants maintain the State highway system is a nonpublic forum based on

14  Brown, should this Court happen to disagree, by the Ninth Circuit's holding in DiLoreto, it may

15  be considered a limited public forum opened for the sole purpose of allowing the State to

16  publicly thank volunteers for helping keep the highways clean.  Whether the Court finds the

17  highways constitute a nonpublic forum, or a limited public forum, the standard for reviewing

18  restrictions remains the same: the State's conduct need only be reasonable in light of the purpose

19  served by the forum and viewpoint neutral to be permissible.  DiLoreto, 196 F.3d at 967.

20         In DiLoreto, the Ninth Circuit held a limited public forum (a nonpublic forum opened for

21  a limited purpose) was created rather than a designated public forum because the "[school

22  d]istrict did not intend to designate the baseball field fence for expressive activity" by selling

23  advertising space to help defray costs for the athletic program.  Id. at 966.  By analogy, the State

24  did not intend to open State highways for expressive activities by enacting the AAH Program.  In

25  fact, the Guidelines & Handbook demonstrates that the intent of AAH courtesy signs is for the

26  State to publicly thank volunteers, not to create a forum for unlimited public expression.

27  (Guidelines & Handbook, Purpose, 2-1.)  This intent is further supported by the fact that the

28  / / /

1  State controls the design, size, wording and placement of the courtesy signs. (Guidelines &

2  Handbook, Ch. 2.)

3      The State's concerns regarding disruption and potential controversy are reasonable

4  reasons for removing 11-SD-005 PM 66.3-68.3 N/B from the AAH Program and for relocating

5  plaintiff's segment given the purpose of the State highways is to provide a safe transportation

6  system to the public at large.  See DiLoreto, 196 F.3d at 968.  It bears noting that the Ninth

7  Circuit found the school district's concerns regarding disruption and potential controversy were

8  legitimate reasons for restricting content given the purpose of the forum and surrounding

9  circumstances.  The court also found that the government need not wait until havoc is wreaked

10 before taking action.  Id.

11     The court in DiLoreto also articulated the difference between content and viewpoint

12 based restrictions. "Permissible content-based restrictions exclude speech based on topic, such as

13 politics or religion, regardless of the particular stand the speaker takes on the topic," whereas,

14 "impermissible viewpoint discrimination is a form of content discrimination in which the

15 government targets not subject matter, but particular views taken by speakers on a subject." Id.

16 at 969.  Here, defendants' decision to remove 11-SD-005 PM 66.3-68.3 N/B from the AAH

17 Program and relocate plaintiff's adopted section was made out of concern for public safety and

18 not because of plaintiff's viewpoint.  A decision to relocate motivated by safety concerns for the

19 traveling public is clearly reasonable in light of highway purposes and viewpoint neutral.  See

20 Tex., et al. v. Knights of the KKK, 58 F.3d 1075, 1080-81 (5th Cir. 1995)(The Fifth Circuit held

21 that the State's exclusion of the KKK from the AAH Program was reasonable to avoid strife,

22 intimidation and ensure the free use of the highway system.)  The argument that the State's

23 decision was motivated by dislike of plaintiff's viewpoint is wholly unsupported because

24 plaintiff retains the ability to participate in the AAH Program at any available location.

25     The State's decision to remove 11-SD-005 PM 66.3-68.3 N/B from the AAH Program

26 does not violate plaintiff's constitutional rights because "[c]losing the forum is a constitutionally

27 permissible solution to the dilemma caused by concerns about providing equal access while

28 avoiding the appearance of government endorsement of religion."  DiLoreto. 196 F.3d at 970.

Case No.: 08 CV 0210 WQH RBB

1    "Accordingly, the fact that the District chose to close the forum rather than post Mr. DiLoreto's

2    advertisement and risk further disruption or litigation does not constitute viewpoint

3    discrimination." Id.  Similarly, the State's decision to remove 11-SD-005 PM 66.3-68.3 N/B

4    from the AAH Program rather than risk disruption to the safe operation of the highway is a

5    constitutionally permissible solution.

6            Finally, plaintiff's argument that defendants have engaged in an improper heckler's veto

7    is unsupportable because the complaint and its exhibits reveals plaintiff has not been denied

8    access to the AAH Program.  Even if the Court disagrees with the State's argument that the only

9    speech set forth by the courtesy sign is government speech, plaintiff's claim that it has been

10   unconstitutionally denied its right to free speech fails because plaintiff remains able to participate

11   in the AAH Program to the same extent as all other eligible applicants.

12           iii.    Relocation of plaintiff's AAH Program section does not constitute
                     violation of its right to procedural due process because plaintiff has no
13                   property interest in the AAH Program

14           Here, plaintiff cannot establish a constitutionally protected property interest in the AAH

15   Program because the encroachment permit itself states that it does not convey a property interest.

16   (Compl. Ex. 2.)  Plaintiff's argument in its opposition that the property right referred to by this

17   language refers exclusively to a "real property interest", and is therefore different from a

18   "property interest" in the due process analysis sense, is unsupported by the language of the

19   document and the law.  Without a constitutionally protected property interest, plaintiff is unable

20   to state a claim for violation of its right to procedural due process.

21           iv.     Relocation of plaintiff's segment does not violate its right to substantive
                     due process because plaintiff has no fundamental right to a specific
22                   location in the AAH Program

23           Substantive due process violations may occur where a fundamental right has been

24   infringed upon by the government without sufficient justification by means insufficiently related

25   to the purpose.  Fundamental rights are those deeply rooted in this country's history and

26   tradition. See Moore v. City of East Cleveland, 431 U.S. 494, 503 (1977).

27           In its opposition, plaintiff misread defendants' memorandum in support of its motion by

28   not recognizing the State's use of the word "not."  On page 12, line 5 of the State's

7

1    Memorandum, defendants' assert that access to a particular location to clean the State's

2    highways via the AAH Program is "not 'deeply rooted in this Nation's history and tradition.'"

3        Here, because access to a particular location to clean the State's highways via the AAH

4    Program is not a fundamental interest, the State is only required to provide a legitimate purpose

5    for its conduct.   However, the safety of the traveling public surpasses a legitimate purpose and

6    rises to the level of a compelling interest.

7        By relocating plaintiff's participation in the AAH Program from the 11-SD-005 PM 66.3-

8    68.3 N/B location to a section of highway on State Route 52 near Santee, the State seeks to

9    reduce disruption of the operation of the state highway system and alleviate public safety

10   concerns.  Because the State can demonstrate a rational basis for its actions in pursuit of a

11   legitimate state interest, plaintiff's complaint fails as a matter of law.

12   **IV.    DEFENDANTS WILL KEMPTON, DALE BONNER AND PEDRO ORSO-**
         **DELGADO, AS SUED IN THEIR INDIVIDUAL CAPACITIES, ARE**
13       **ENTITLED TO QUALIFIED IMMUNITY FOR THEIR ACTIONS**

14       Government employees sued in their individual capacity are entitled to qualified

15   immunity unless their conduct violates "clearly established statutory or constitutional rights of

16   which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818-19

17   (1982).  However, the court only resolves the question of qualified immunity if a plaintiff has

18   successfully alleged a violation of the Constitution.  Saucier v. Katz, 533 U.S. 194, 201 (2001).

19   Here, as discussed in the State's moving papers and its Opposition to Preliminary Injunction,

20   plaintiff fails to allege a violation of the Constitution because it has no right to a particular

21   location in the AAH Program.

22       Even if plaintiff had sustained its burden, the individually named defendants would still

23   be entitled to qualified immunity because neither the Supreme Court, nor the Ninth Circuit has

24   weighed in on the issue of AAH Programs and speech.  In fact, there is a split in authority

25   between the Fifth and Eighth Circuits on this issue.  Furthermore, the facts of this case differ

26   from all other cases on this issue because defendants have not denied plaintiff the right to

27   participate in the AAH Program.

28   ///

Case No.: 08 CV 0210 WQH RBB

Plaintiff, in support of its allegation that its rights are settled law, cites to district courts in Arkansas and Missouri. Plaintiff's reliance on those cases and to an Eighth Circuit case is unsupported because those cases deal with denial of a group's right to participate in an AAH Program, which is not the issue as established by the complaint and its exhibits. See Cuffley v. Mickes, 208 F.3d 702 (8th Cir. 2000).

The inquiry into whether the constitutional right in question was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." Saucier, 533 U.S. at 201-202. Here, the constitutional right alleged by the complaint is the right to a particular location in the AAH Program. However, the relocation of an AAH segment and the attendant courtesy sign does not violate any law. Nor is there a "consensus of cases" on this issue. Further, neither the United States Supreme Court, nor the Ninth Circuit has articulated an opinion on this issue. Thus, defendants Will Kempton, Dale Bonner and Pedro Orso-Delgado have not engaged in any conduct that could be construed as violating "clearly established statutory or constitutional rights of which a reasonable person would have known." See Harlow, 457 U.S. at 816-17.

Because State officers are personally accountable in §1983 actions only when unconstitutional acts violate clearly established constitutional rights of which a reasonable official would have known, these named defendants are not financially accountable. Davis v. Scherer, 468 U.S. 183, 194 (1984) citing Harlow, 457 U.S. 800. The defense of qualified immunity bars an award of damages against Will Kempton, Dale Bonner and Pedro Orso-Delgado, as sued in their individual capacities.

## V. DEFENDANTS WILL KEMPTON, DALE BONNER AND PEDRO ORSO-DELGADO, AS SUED IN THEIR OFFICIAL CAPACITIES, ARE IMMUNE FROM A MONEY DAMAGES AWARD FOR THEIR ACTIONS

When a suit is brought against a state officer in his official capacity, the Court has concluded that the entity for which the officer works has been effectively named as the defendant, and that the officer himself has not been named. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). In cases where the suit solely involves money damages, the defendant can

9

successfully assert an Eleventh Amendment defense.  However, where such a suit is brought for prospective injunctive relief, the <u>Young/Edelman</u> fiction will apply, and the suit will not be dismissed on sovereign immunity grounds.  <u>Ex parte Young</u>, 209 U.S. 123 (1908); <u>Edelman v. Jordan</u>, 415 U.S. 651 (1974).

Here, Kempton, Bonner and Orso-Delgado, as sued in their official capacities, are immune from money damages awards in this matter.

## VI.    DEFENDANTS WILL KEMPTON, DALE BONNER AND PEDRO ORSO-DELGADO, AS SUED IN THEIR OFFICIAL CAPACITIES, SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED TO STATE FACTS SUFFICIENT TO JUSTIFY INJUNCTIVE OR DECLARATORY RELIEF

As discussed throughout preceding sections, plaintiff has failed to allege facts sufficient to state a cognizable legal theory.  Having so failed, plaintiff is not entitled to injunctive or declaratory relief.  Therefore, defendants Kempton, Bonner and Orso-Delgado, as sued in their official capacities, should be dismissed in entirety.

## VII.    CONCLUSION

Based on the contentions set forth herein and pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1); (2) and (6), defendants respectfully request the Court grant its Motion to Dismiss in favor of all named defendants.

Dated:  5/2/08

s/ Jeffrey R. Benowitz
Attorney for Defendants
E-mail: jeffrey_r_benowitz@dot.ca.gov

Case No.: 08 CV 0210 WQH RBB