BRUCE A. BEHRENS, Chief Counsel
JEFFREY R. BENOWITZ, Deputy Chief Counsel
    CBN 169151
GLENN B. MUELLER, Assistant Chief Counsel
JOHN FREDERICK SMITH, Assistant Chief Counsel
STEPHANIE D. MARTIN, CBN 242658
State of California, Department of Transportation
Legal Division
4050 Taylor Street, MS-130
San Diego, CA  92110
Tele: (619) 688-2531  Fax: (619) 688-6905
Attorneys for Defendant, STATE OF CALIFORNIA
acting by and through the DEPARTMENT OF TRANSPORTATION;
DALE BONNER, WILL KEMPTON and PEDRO ORSO-DELGADO

UNITED STATES DISTRICT COURT

Southern District of California

| | |
|---|---|
| SAN DIEGO MINUTEMEN, An Unincorporated Association,<br><br>    Plaintiff,<br><br>vs.<br><br>CALIFORNIA BUSINESS TRANSPORTATION AND HOUSING AGENCY'S DEPARTMENT OF TRANSPORTATION; DALE BONNER, Individually and in his Official Capacity as Agency Director, Business, Transportation and Housing Agency; WILL KEMPTON, Individually and in his Official Capacity as Caltrans Director; PEDRO ORSO-DELGADO, Individually and in his Official Capacity as Caltrans District Director and DOES 1 through 10,<br><br>    Defendant | Case No.: 08 CV 0210 WQH RBB<br><br>DEFENDANTS' ANSWER TO COMPLAINT<br><br><br><br>Courtroom:    4<br>Judge:    William Q. Hayes |

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants, Dale Bonner, in his official capacity; Will Kempton, in his official capacity; and Pedro Orso-Delgado, in his official capacity (hereinafter "DEFENDANTS"), hereby demands trial by jury for all issues and answers Plaintiff's Complaint for Declaratory Relief, Violation of 42 U.S.C. § 1983 and Violation of 42 U.S.C. § 1988.

/ / /

1

DEFENDANTS ANSWER TO COMPLAINT

# FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF AS AGAINST ALL DEFENDANTS

1. Answering Paragraph 1 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2. Answering Paragraph 2 of the Complaint, Defendants admit that jurisdiction in this matter is predicated on 28 U.S.C. 1331 (Federal Question), but denies plaintiff has properly alleged violations of its "constitutional rights, free speech and expression, due process and equal protection" pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

3. Answering Paragraph 3 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4. Answering Paragraph 4 of the Complaint, Defendants admit that the California Department of Transportation (Caltrans), erroneously identified as California Business Transportation and Housing Agency's Department of Transportation, is a state agency in charge of state highways and the California Adopt-a-Highway Program. The allegation that actions were taken under color of state law is a conclusion of law and requires no response from Defendants. To the extent a response is required, Defendants deny the allegations.

5. Answering Paragraph 5 of the Complaint, Defendants admit that Dale Bonner, erroneously identified as the Agency Director, is the Secretary of the Business, Transportation and Housing Agency. The allegation that actions were taken under color of state law is a conclusion of law and requires no response from Defendants. To the extent a response is required, Defendants deny the allegations.

6. Answering Paragraph 6 of the Complaint, Defendants admit that Will Kempton is the Director of the Department of Transportation (Caltrans). Defendants also admit that Pedro Orso-Delgado is the District Director of District 11, which includes the area at issue in this Complaint. The allegation that actions were taken under color of state law is a conclusion of law and

///

requires no response from Defendants. To the extent a response is required, Defendants deny the allegations.

7. Answering Paragraph 7 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

8. Answering Paragraph 8 of the Complaint, Defendants admit to all allegations therein.

9. Answering Paragraph 9 of the Complaint, Defendants admit to all allegations therein.

10. Answering Paragraph 10 of the Complaint, Defendants admit that an encroachment permit was issued on November 21, 2007 for 11-SD-005 PM 66.3-68.3 N/B and no other location.

11. Answering Paragraph 11 of the Complaint, Defendants admit that an Adopt-a-Highway sign was erected at approximately 11-SD-005 PM 66.3-68.3 N/B and at no other location. Defendants also admit that sign bears the name "San Diego Minutemen." Defendants deny the existence of multiple signs.

12. Answering Paragraph 12 of the Complaint, Defendants admit plaintiff engaged in a clean up session at the subject location in January 2008 and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13. Answering Paragraph 13 of the Complaint, Defendants admit Pedro Orso-Delgado sent a letter dated January 28, 2008, to Jeff Schwilk. Defendants admit the letter used the phrase "raised questions," but denies the language used by plaintiff to inaccurately summarize the contents of this letter, which was attached as Exhibit 5 to the Complaint. Such language constitutes legal argument and draws legal conclusions, thus requires no response from Defendants. To the extent a response is required, Defendants deny the remaining allegations contained in said paragraph.

14. Answering Paragraph 14 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15. Answering Paragraph 15 of the Complaint, Defendants deny that an actual controversy exists. As to subparagraph 1, Defendants deny all allegations contained therein. As to subparagraph 2, Defendants deny all allegations contained therein. As to subparagraph 3, Defendants deny the allegation that policies and procedures were not followed, but admit that Caltrans' procedures do not allow hearings challenging a revocation of Adopt-a-Highway permits. As to subparagraph 4, Defendants incorporate its responses as set forth above.

16. Answering Paragraph 16 of the Complaint, the allegations contained therein constitute legal argument and draw legal conclusions, thus require no response from Defendants. To the extent a response is required, Defendants deny the allegations.

17. Answering Paragraph 17 of the Complaint, the allegations contained therein constitute legal argument and draw legal conclusions, thus require no response from Defendants. To the extent a response is required, Defendants deny the allegations.

**SECOND CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983**

18. Answering the first Paragraph 18 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 17.

18. Answering the second Paragraph 18 of the Complaint, Defendants admit the language contained therein is purportedly part of 42 U.S.C. § 1983, but is inaccurately quoted.

19. Answering Paragraph 19 of the Complaint, the allegations contained therein constitute legal argument and draw legal conclusions, thus require no response from Defendants. To the extent a response is required, Defendants deny the allegations.

20. Answering Paragraph 20 of the Complaint, the allegations contained therein constitute legal argument and draw legal conclusions, thus require no response from Defendants. To the extent a response is required, Defendants deny the allegations.

///
///
///
///

DEFENDANTS ANSWER TO COMPLAINT

**THIRD CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. § 1988 AS AGAINST ALL DEFENDANTS**

21. Answering Paragraph 21 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 20.

22. Answering Paragraph 22 of the Complaint, the allegations contained therein constitute legal argument and draw legal conclusions, thus require no response from Defendants. To the extent a response is required, Defendants deny the allegations.

**AFFIRMATIVE DEFENSES**

As separate, distinct, and affirmative defenses to each and every cause of action in the Complaint on file herein, Defendants allege as follows:

**I.**

**INSUFFICIENT FACTS- FAILS TO STATE A CLAIM**

Defendants, for a separate, distinct, and affirmative defense, are informed and believe and thereon allege that the Complaint fails to state facts sufficient to constitute a cause of action against Defendants.

**II.**

**RIPENESS**

Defendants, for a separate, distinct and affirmative defense, are informed and believe and thereon allege that Plaintiff's causes of action are barred in whole or in part because they are not yet ripe for judicial review.

**III.**

**POLICE POWER**

Defendants, for a separate, distinct, and affirmative defense, are informed and believe and thereon allege that the conduct of Defendants, and their agents and employees, in connection with the matters alleged in the Complaint was done under the proper exercise of the police power.

///

///

## IV.
## LACK OF STANDING

Defendants, for a separate, distinct, and affirmative defense, are informed and believe and thereon allege that Plaintiff's claims are barred by their lack of standing to bring this action against these Defendants.

## V.
## JUSTICIABLE CONTROVERSY

Defendants, for a separate, distinct, and affirmative defense, are informed and believe and thereon allege that the complaint and each purported cause of action contained therein was brought without reasonable cause and without a good faith belief that there was a justiciable controversy under the facts and the law which warranted filing of the complaint against these Defendants, and therefore Plaintiff is responsible for all necessary and reasonable defense costs, including attorney fees, incurred by Defendants as set forth in California Code of Civil Procedure section 128.5 or any other applicable statute.

## VI.
## ACTIONS IN ACCORDANCE WITH LAW

Defendants, for a separate, distinct and affirmative defense, are informed and believe and thereon allege that at all times mentioned the defendants acted in accordance with the Constitution of the United States and the Constitution of the State of California and all state and local laws relative thereto.

## VII.
## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants, for a separate, distinct, and affirmative defense, are informed and believe and thereon allege that Defendants presently have insufficient knowledge or belief as to whether they may have additional affirmative defenses available. Defendants reserve the right to assert any additional defenses in the event that they are discovered to be appropriate.

/ / /

/ / /

WHEREFORE, Defendants pray judgment as follows:

1. Plaintiff takes nothing by its action;

2. These Defendants be dismissed and awarded their costs of suit; and

3. For such other and further relief as the Court may deem proper.

Dated: July 25, 2008                            s/ Jeffrey R. Benowitz
                                                Attorney for Defendants
                                                E-mail: jeffrey_r_benowitz@dot.ca.gov