Howard Kaloogian, State Bar No. 118954
Lowell Robert Fuselier, State Bar No. 140701
David T. Hayek, State Bar No. 144116
Kaloogian & Fuselier LLP
2382 Faraday Avenue, Suite 130
Carlsbad, California 92008
Tel. 760-522-1802
Fax 760-431-1116

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT

## Southern District of California

| | |
|---|---|
| SAN DIEGO MINUTEMEN, An Unincorporated Association,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>CALIFORNIA BUSINESS, TRANSPORTATION AND HOUSING AGENCY'S DEPARTMENT OF TRANSPORTATION; DALE BONNER in his Official Capacity as Agency Director, Business, Transportation and Housing Agency; WILL KEMPTON in his Official Capacity as CalTrans Director; PEDRO ORSO-DELGADO in his Official Capacity as Caltrans District Director and DOES 1 through 50,<br><br>　　　　　　　Defendants. | Case Number: 08 CV 0210 WQH RBB<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>**Hearing Date:　October 27, 2008**<br>**Hearing Time:　11:00 a.m.**<br>**Court:　　　　Courtroom 4**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## INTRODUCTION AND STATEMENT OF FACTS

This action currently involves the systematic deprivation of Plaintiff San Diego Minutemen's rights guaranteed by the First and Fourteenth Amendments of the United States Constitution arising from the revocation of an Adopt-A-Highway Program encroachment permit and removal of the related courtesy sign as a result of the political position of the San Diego Minutemen. On June 27, 2008, this Court granted Plaintiff's motion for Preliminary

1

1  Injunction [Doc #34] requiring Defendants to reinstate the revoked permit and reinstall the
2  courtesy sign, finding that "Plaintiff has established a high probability of success on the
3  merits, that it will suffer irreparable harm, that the balance of hardships tips sharply in its
4  favor, and that the public interest favors the injunction."[1]

6  As Plaintiff has continued its investigation since filing its original complaint herein,
7  new facts have come to light which indicate additional participants were intimately and
8  substantively involved in the decision to violate Plaintiff's civil rights.[2] to 1) treat Plaintiff
9  differently than other participants in the Adopt-A-Highway program, 2) violating
10 Defendants' own established procedures and guidelines regarding highway adoption, 3)
11 conduct a secret investigation of Plaintiff and its members as a means of gaining "leverage"
12 over them to further the goals of the conspiracy, and 4) a continuing conspiracy to deprive
13 Plaintiff of its civil rights.[3] Further, new evidence of the *mens rea* of each of the defendants
14 (both current and proposed new defendants) in engaging in the conduct described in the
15 original complaint and the additional facts and circumstances described in the proposed First
16 Amended Complaint warranting additional claims for relief.[4] Therefore, Plaintiff seeks leave
17 to file a First Amended Complaint to include all of the claims against the current defendants
18 as well as add additional parties who should be included in this action by virtue of their
19 participation in the facts and circumstances at issue herein.

21 Therefore, as set forth more fully below, the Court should grant Plaintiff leave to file
22 the proposed First Amended Complaint herein and Plaintiff requests the Court do so.

---

[1] Order (1) Granting in Part, and Denying in Part, Defendants' Motion to Dismiss, and (2) Granting Plaintiff's Motion for a Preliminary Injunction, [Doc #34, p.33, lines 12-14.]

[2] *See Declaration of Lowell Robert Fuselier* ("*Fuselier Decl.*"), ¶2-5. The *Fuselier Decl.* is filed contemporaneously herewith.

[3] *Fuselier Decl.*, ¶3-5.

[4] Plaintiff's proposed First Amended Complaint is Lodged with the Court contemporaneously herewith. *See Fuselier Decl.*, ¶6.

2

## LEGAL DISCUSSION

### I.

### LEAVE TO AMEND SHOULD BE FREELY GIVEN

The liberality with which Courts should consider requests for leave to amend pleadings cannot be overstated. As noted by the Supreme Court in *Foman v. Davis*:[5]

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. *See generally*, 3 Moore, *Federal Practice* (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'[6]

Here, Plaintiff has not sought any prior amendment to the pleading, and there is no bad faith or any dilatory motive by Plaintiff in requesting the relief sought herein and the interests of justice, judicial economy and fundamental fairness militate toward having all claims between the parties arising from the same general facts and circumstances be resolved in one action.[7] The facts giving rise to the new claims and addition of new parties all were discovered by Plaintiff after the filing of the original complaint herein. Those facts support the addition of new claims and parties to this action. The alternative, filing a separate action involving the same parties and same general facts and circumstances, would require a disproportionate and wasteful use of scarce judicial resources, involve substantial duplication of effort and undue delay.

---

[5] 371 U.S. 178, 83 S.Ct. 227 (1962).

[6] *Id.*, 371 U.S. at 182

[7] *Fuselier Decl.*, ¶6.

Plaintiff sought to file its First Amended Complaint pursuant to stipulation.[8] However, Defendants were not willing to stipulate to the filing of the First Amended Complaint.[9] As a result, this motion for leave was required. Therefore, pursuant to Rule 15(a), Plaintiff's motion for leave to amend should be granted.

## CONCLUSION

For the reasons stated herein and in the accompanying papers, Plaintiff requests this Court grant leave for Plaintiff to file its First Amended Complaint herein and deem the First Amended Complaint lodged herewith filed as of the date of the Court's Order hereon.

DATED: September 15, 2008

/s/ Lowell Robert Fuselier
Lowell Robert Fuselier
Kaloogian & Fuselier, LLP
Attorneys for Plaintiff,
SAN DIEGO MINUTEMEN

---

[8] *Fuselier Decl.*, ¶7.

[9] *Id.*

4